RENDERED: JANUARY 21, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0733-MR

ABD'AL-AZEEZ JALAL HAKIM                              APPELLANT

APPEAL FROM MONTGOMERY CIRCUIT COURT
v.           HONORABLE DAVID A. BARBER, JUDGE
ACTION NO. 12-CR-00185

COMMONWEALTH OF KENTUCKY                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, CETRULO, AND MAZE, JUDGES.

MAZE, JUDGE: Abd'al-Azeez Jalal Hakim, a/k/a Lee Martin Story ("Hakim")
appeals from an order of the Montgomery Circuit Court denying his motion for
relief from his conviction or sentence pursuant to CR[1] 60.02. We agree with the

---

[1] Kentucky Rules of Civil Procedure.

trial court that Hakim's motion is successive and that he failed to assert grounds for relief under the rule. Hence, we affirm.

For purposes of this appeal, the following facts are relevant. Hakim was arrested on June 21, 2012, on unrelated charges. On August 17, 2012, while he was incarcerated in the Montgomery County Regional Jail, he stabbed Gary Muncie, a fellow inmate, in the neck with a pencil. Based on this action, he was subsequently indicted and convicted of first-degree assault and being a persistent felony offender in the first degree. The trial court sentenced Hakim in conformity with the jury's recommended sentence of thirty years' imprisonment. On direct appeal, the Kentucky Supreme Court affirmed his conviction and sentence. *Hakim v. Commonwealth*, No. 2013-SC-000376-MR, 2014 WL 2809878 (Ky. Jun. 19, 2014).

Hakim then filed a motion to vacate the judgment under RCr[2] 11.42, claiming that his trial counsel had been ineffective. Following a hearing, the trial court granted the motion and ordered a new trial. However, this Court reversed, finding that the trial court misapplied the test for ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Finding no showing of prejudicial error by counsel, this Court

---

[2] Kentucky Rules of Criminal Procedure.

reinstated Hakim's conviction. *Commonwealth v. Hakim*, No. 2016-CA-001489-MR, 2017 WL 5624624 (Ky. App. Nov. 22, 2017). The Kentucky Supreme Court denied Hakim's motion for discretionary review.

On May 18, 2020, Hakim filed a motion for relief from his sentence under CR 60.02, claiming that he should be released because further incarceration could subject him to the COVID-19 virus. The trial court denied the motion. Hakim filed a motion to dismiss his appeal in that matter, which this Court granted on May 10, 2021.

On May 24, 2021, Hakim filed his present motion to vacate the judgment under CR 60.02. He claimed that Muncie's surgeon had given false testimony and that the Commonwealth failed to provide exculpatory evidence prior to trial. The trial court denied the motion, and this appeal followed.

Hakim focuses on his claim that the Commonwealth failed to produce a color photograph showing the injury to Muncie's neck. He asserts that the photograph was exculpatory because it would have cast doubt on the Commonwealth's evidence that the stabbing caused serious physical injury. He also asserts that the photograph would show that the surgeon lied about the extent of Muncie's injury. The trial court concluded that these claims fell outside of the scope of relief available under CR 60.02. The Commonwealth also argues that the

motion was barred as successive and that Hakim failed to show why he could not have raised this issue on appeal or in his prior motions.

It is well-established that CR 60.02 is for relief that is not available by direct appeal and not available collaterally under RCr 11.42. *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983). CR 60.02 is not intended to afford individuals an additional opportunity to re-litigate issues that have already been presented in an earlier direct appeal or collateral attack or present new issues that could have been raised in those proceedings. *McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997); RCr 11.42(3). And CR 60.02 should only be used to provide relief when the movant demonstrates why he or she is entitled to the special, extraordinary relief provided by the rule. *Gross*, 648 S.W.2d at 856. On appeal, the trial court's denial of a CR 60.02 motion will not be overturned absent an abuse of discretion. *Age v. Age*, 340 S.W.3d 88, 94 (Ky. App. 2011). We will not disturb the trial court's exercise of discretion absent a determination that it was arbitrary, unreasonable, unfair, or unsupported by sound legal principles. *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

First, the Commonwealth argues Hakim's motion is barred because CR 60.02 generally does not permit successive post-judgment motions. *Foley v. Commonwealth*, 425 S.W.3d 880, 884 (Ky. 2014). Hakim maintains that he exercised due diligence in obtaining a copy of the photograph but the

Commonwealth only provided him with a black-and-white copy. But as the Commonwealth notes, the original photograph was introduced at trial.[3]

Under CR 60.02, claims for relief based upon newly discovered evidence and perjury or falsified evidence must be brought within one year after the judgment. Claims based upon "any other reason of an extraordinary nature justifying relief" must be brought within a reasonable time. Hakim failed to present any significant reason for not raising this issue until more than eight years after his judgment of conviction was entered. Moreover, other than his unsupported allegations, Hakim fails to show how the photograph would be exculpatory or establish perjury on the part of the surgeon. Therefore, we agree with the trial court that Hakim failed to establish any grounds for relief under CR 60.02.

Accordingly, we affirm the order of the Montgomery Circuit Court denying Hakim's CR 60.02 motion.

ALL CONCUR.

---

[3] The color photograph was introduced at trial as Commonwealth's Exhibit # 5. The photograph is included in the sealed exhibit envelope with the Record on Appeal.

BRIEFS FOR APPELLANT:

Abd'Al-Azeez Jalal Hakim, *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Perry T. Ryan
Assistant Attorney General
Frankfort, Kentucky