Arnold GROSS, Movant,

v.

COMMONWEALTH of Kentucky, Respondent.

Supreme Court of Kentucky.

March 30, 1983.

Jack E. Farley, Public Advocate, Larry H. Marshall, Asst. Public Advocate, Frankfort, for movant.

Steven L. Beshear, Atty. Gen., Linda Carnes Wimberly, Asst. Atty. Gen., Frankfort, for respondent.

LEIBSON, Justice.

This is one of seven cases heard together at oral argument pursuant to an order that "argument in the above-styled matter shall be limited and confined to the issues presented by CR 60.02." This case is selected as typical and is sufficient for us to dispose of the critical issues in each of the seven cases.

In five of the cases, including the present one, the movants petitioned the trial courts under CR 60.02 to set aside prior final judgments of conviction. In two of the cases, final judgments are attacked under RCr 11.42 for reasons that have common ground with the other cases. The movants claim that their judgments were constitutionally impermissible under *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), because the records fail to disclose that they voluntarily and understandingly entered guilty pleas. Some of the movants also allege ineffective assistance of counsel at the time of their convictions.

Arnold Gross has completed the period of incarceration and parole to which he was subjected by the judgment he now seeks to set aside. He has been tried and convicted of a new felony, unrelated to the previous charges, except for the fact that his punishment for the new offense has been enhanced because of his previous convictions.

The judgment he now seeks to set aside is for offenses for which Gross was indicted on May 5, 1975. The indictments included four counts of burglary in the third degree, two counts of housebreaking, and one count of robbery in the first degree. On April 2, 1976, Gross withdrew his former pleas of not guilty and entered a plea of guilty to four counts of burglary in the third degree. All other charges were dropped. The trial record does not contain a transcript of the guilty plea proceedings. Apparently no such transcript exists. However, an order entered April 27, 1976, styled "Judgment on Guilty Plea" recites the following "finding":

"... (T)hat the defendant understands the nature of the charges against him, that the defendant's plea is voluntary, that the defendant knowingly and voluntarily waives his right to trial by jury, privilege against self-incrimination, and right of confrontation, and that there is a factual basis for the defendant's plea, ..."

On April 29, 1976, the trial court entered "Final Judgment" sentencing Gross to two years on each of the four counts to which he pled guilty and ordered the sentences to run concurrently.

Gross was released on parole on December 19, 1976. In 1979 he was rearrested on a new charge, for which he was convicted in 1980. At that time, based on his prior convictions, he was also convicted as a second-degree persistent felony offender. The 1980 conviction was affirmed on appeal.

Gross then filed a *pro se* motion to vacate judgment now under consideration. Gross made no effort to attack the validity of the 1976 convictions until after his sentence as a persistent felony offender had been af-

firmed. If he should now succeed in vacating these convictions, the 1980 conviction as a persistent felony offender would have to be set aside. In effect, he is attacking the underpinnings of the 1980 conviction for which he is presently incarcerated.

On August 13, 1981, when Gross filed his motion to vacate judgment pursuant to CR 60.02, he also asked for an evidentiary hearing and for the appointment of counsel. The motion to vacate judgment was denied without a hearing and without the appointment of counsel.

The movant alleges four errors for this court to review. First, he claims that he is entitled as a matter of law to have the judgments set aside because there is no record showing affirmatively that his pleas of guilty were entered voluntarily, knowingly and intelligently. Second, he claims that the trial court erred in failing to conduct an evidentiary hearing. Third, he claims that the trial court erred in failing to appoint counsel to represent him in the CR 60.02 proceedings. Finally, he claims that the Court of Appeals erred in holding that the trial court could properly deny a CR 60.02 motion "brought more than five years after the judgments attacked," summarily and without an evidentiary hearing, on grounds that the motion "failed to allege facts indicating that it had been brought within a reasonable time."

*Boykin v. Alabama, supra,* was an appeal from a final judgment of the Alabama Supreme Court, challenging the constitutionality of the manner in which a guilty plea had been taken. Boykin was seeking relief from a conviction for common law robbery and sentence of death. Unlike Gross, Boykin was not trying to avoid a later conviction as a status offender. Boykin could hardly have committed a subsequent offense exposing him to trial as a status offender had the original sentence been executed.

The factual distinctions between Boykin's situation and the present case trigger several important legal distinctions. Unlike Boykin, Gross had an opportunity to appeal

his original conviction *and* to attack the judgment pursuant to RCr 11.42, if he thought it was entered improperly.

In *Howard v. Commonwealth,* Ky., 364 S.W.2d 809, 810 (1963), we stated:

"It has long been the policy of this court that errors occurring during the trial should be corrected on *direct* appeal, and the grounds set forth under the various subsections of CR 60.02 deal with *extraordinary* situations which do not as a rule appear during the progress of a trial. Although the rule does permit a direct attack by motion where the judgment is voidable—as distinguished from a void judgment—this direct attack is *limited to specific subsections* set out in said rule ..." (emphasis added).

RCr 11.42 provides a procedure for a motion to vacate, set aside or correct sentence for "a prisoner in custody under sentence or a defendant on probation, parole or conditional discharge." It provides a vehicle to attack an erroneous judgment for reasons which are not accessible by direct appeal. In subsection (3) it provides that "the motion shall state *all* grounds for holding the sentence invalid of which the movant has knowledge. Final disposition of the motion shall conclude *all* issues that could reasonably have been presented in the same proceeding." (emphasis added).

Rule 60.02 is part of the Rules of Civil Procedure. It applies in criminal cases only because Rule 13.04 of the Rules of Criminal Procedure provides that "the Rules of Civil Procedure shall be applicable in criminal proceedings to the extent not superseded by or inconsistent with these Rules of Criminal Procedure."

■ The structure provided in Kentucky for attacking the final judgment of a trial court in a criminal case is not haphazard and overlapping, but is organized and complete. That structure is set out in the rules related to direct appeals, in RCr 11.42, and *thereafter* in CR 60.02. CR 60.02 is not intended merely as an additional opportunity to raise *Boykin* defenses. It is for relief that is not available by direct appeal and not available under RCr 11.42. The movant must demonstrate why he is entitled to this special, extraordinary relief. Before the movant is entitled to an evidentiary hearing, he must affirmatively allege facts which, if true, justify vacating the judgment and further allege special circumstances that justify CR 60.02 relief.

■ CR 60.02 was enacted as a substitute for the common law writ of coram nobis. The purpose of such a writ was to bring before the court that pronounced judgment errors in matter of fact which (1) had not been put into issue or passed on, (2) were unknown and could not have been known to the party by the exercise of reasonable diligence and in time to have been otherwise presented to the court, or (3) which the party was prevented from so presenting by duress, fear, or other sufficient cause. *Black's Law Dictionary, Fifth Edition,* 487, 1444.

In *Harris v. Commonwealth,* Ky., 296 S.W.2d 700 (1956), this court held that 60.02 does not extend the scope of the remedy of coram nobis nor add additional grounds of relief. We held that coram nobis "is an extraordinary and residual remedy to correct or vacate a judgment upon facts or grounds, not appearing on the face of the record and not available by appeal or otherwise, which were not discovered until after rendition of judgment without fault of the party seeking relief."

In *Jones v. Commonwealth,* 269 Ky. 779, 108 S.W.2d 816, 817 (1937), this court held that the purpose for the writ is to obtain a new trial in situations in "which the real facts, as later presented on application for the writ, rendered the original trial tantamount to none at all, and when to enforce the judgment as rendered would be an absolute denial of justice and analogous to the taking of life or property without due process of law."

Thus, while the remedies formerly available in criminal cases by writ of coram nobis have been preserved by CR 60.02 (*Balsley v. Commonwealth,* Ky., 428 S.W.2d 614, 616 (1967)), the remedies have not been extended, but have been limited by the language of that rule.

CR 60.02 limits relief in these particulars:

1) The first three grounds specified in the rule [ (a) mistake, inadvertence, surprise or excusable neglect, (b) newly discovered evidence, (c) perjury] are limited to application for relief "not more than one year after the judgment."

2) The additional specified grounds for relief are (a) fraud, (b) the judgment is void, vacated in another case, satisfied and released, or otherwise no longer equitable, or (c) other reasons of an "extraordinary nature" justifying relief. These grounds are specific and explicit. Claims alleging that convictions were obtained in violation of constitutionally protected rights do not fit any of these grounds except the last one, "any other reason of an extraordinary nature justifying relief." In *Copeland v. Commonwealth,* Ky., 415 S.W.2d 842 (1967), we refused to grant CR 60.02 relief where the alleged constitutionally impermissible act (failure to provide counsel when taking a guilty plea) could have been raised in an earlier proceeding. This establishes as precedent that such grounds are not automatic, but subject to the qualification that there must be circumstances of an extraordinary nature justifying relief.

3) CR 60.02 relief is discretionary. The rule provides that the court *"may,* upon such terms as are just, relieve a party from its final judgment ..." (emphasis added).

4) CR 60.02 further provides, as a threshold to relief, that "the motion shall be made within a reasonable time...."

■ We hold that the proper procedure for a defendant aggrieved by a judgment in a criminal case is to directly appeal that judgment, stating every ground of error which it is reasonable to expect that he or his counsel is aware of when the appeal is taken.

■ Next, we hold that a defendant is required to avail himself of RCr 11.42 while in custody under sentence or on probation, parole or conditional discharge, as to any ground of which he is aware, or should be aware, during the period when this remedy is available to him. Final disposition of that motion, or waiver of the opportunity to make it, shall conclude all issues that reasonably could have been presented in that proceeding. The language of RCr 11.42 forecloses the defendant from raising any questions under CR 60.02 which are "issues that could reasonably have been presented" by RCr 11.42 proceedings.

We adopt in this case, from the opinion in *Alvey v. Commonwealth,* Ky., 648 S.W.2d 858 (1983), published this day, the following:

"(W)e should not afford the defendant a second bite at the apple. Moreover, we fail to perceive that there is any constitutional impediment in following such a course since we do not believe that the persistent felony offender type of situation was anticipated or was it meant to be encompassed in *Boykin v. Alabama."* (Citation omitted)

■ Next, we consider movant's claim that he was entitled to appointed counsel for the CR 60.02 proceedings. In *Commonwealth v. Ivey,* Ky., 599 S.W.2d 456 (1980), we held the court is required to provide counsel for the defendant in an RCr 11.42 proceeding. Movant advocates the same rule for CR 60.02 proceedings. We disagree.

Subsection (5) of RCr 11.42 provides that "if the movant is without counsel of record and is financially unable to employ counsel, (the court) shall appoint counsel to represent him in the proceedings, including appeal." CR 60.02 has no corresponding provisions.

In *Ivey* we also discussed KRS 31.110, which provides in pertinent part that a "needy person" who "is being detained under a conviction of a serious crime, is entitled: ... (c) to be represented in any other post-conviction proceedings that the attorney and the needy person considers (sic) appropriate." But we do not believe that it was the intent of the legislature to include CR 60.02 proceedings in the language of KRS 31.110, and *Ivey* does not so hold. *Ivey* addresses RCr 11.42, not CR 60.02.

The Kentucky Court of Appeals has written on this subject in *Ray v. Commonwealth*, Ky.App., 633 S.W.2d 71 (1982). The fact situation in *Ray* is very similar to the present case. Appellant filed a CR 60.02 motion seeking to vacate two judgments of conviction contending that the court erred by denying his motion without first appointing counsel to represent him. As in the present case, his motions were based upon a claim that "his guilty pleas had not been obtained in compliance with the requirements set forth in *Boykin v. Alabama*," supra. We adopt the following statement from *Ray* as an appropriate statement of the law:

"We are satisfied that the 'serious crime' referred to in KRS 30.110(1) is the crime which is causing a *present* detention of the defendant, not some crime committed years ago, the liability for which has been completely discharged. In the case at bar appellant is not seeking post-conviction relief from the judgment of conviction for which he is presently being detained, but relief from conviction which occurred twelve years ago. In our view, neither *Ivey,* supra, or KRS 31.110 are applicable to such a proceeding. Accordingly, we hold that the court did not err in denying appellant's request that counsel be appointed to represent him."

 Next, movant complains that the decision of the Kentucky Court of Appeals in the present case erroneously establishes an arbitrary five years rule for interpreting the requirement in CR 60.02 that "the motion shall be made within a reasonable time." We do not construe the opinion of the Court of Appeals as providing a general rule as to what constitutes a reasonable time, but only as deciding that in this particular case five years was not a reasonable time and, therefore, the trial court "did not err in denying the motion without an evidentiary hearing." What constitutes a reasonable time in which to move to vacate a judgment under CR 60.02 is a matter that addresses itself to the discretion of the trial court. The Court of Appeals held, and we agree, that in the particular facts of this case, it was not an abuse of discretion to deny the motion without a hearing on the face of the record, because of the "reasonable time" requirement of CR 60.02. No transcript of the proceedings exists and memory has faded away. The attack is on grounds that the record fails to affirmatively show that the defendant made a knowing waiver of his constitutional rights as required by *Boykin*. *But* an order previously entered recites findings to the contrary. The trial court has the right in these circumstances under CR 60.02 to apply the "reasonable time" restriction. Absent some flagrant miscarriage of justice an appellant court should respect the trial court's exercise of discretion in these circumstances.

The "reasonable time" requirement is a factor for the trial court to take into consideration. It may do so based on the record in the case. It is not required to hold a hearing to decide whether the "reasonable time" restriction should apply.

For the reasons stated, both the order of the circuit court and the decision of the Court of Appeals are affirmed.

STEPHENS, C.J., AKER, GANT, LEIBSON and STEPHENSON, JJ., and TIPTON and WARREN, Special Justices, concur.