**Ralph S. BAZE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2007–SC–000601–MR.

Supreme Court of Kentucky.

Nov. 26, 2008.

Rehearing Denied March 19, 2009.

David Michael Barron, Department of Public Advocacy, Frankfort, KY, John Anthony Palombi, Montgomery, AL, Counsel for Appellant.

Jack Conway, Attorney General, Jeanne Deborah Anderson, Assistant Attorney General, Office of Criminal Appeals, Frankfort, KY, Counsel for Appellee.

Opinion of the Court by Justice CUNNINGHAM.

Appellant, Ralph Baze, appeals from the Rowan Circuit Court's order denying his CR 60.02 motion to vacate a judgment he claims is void. After a careful review of the record, we affirm.

## FACTUAL HISTORY

This appeal represents the sixth request for post-conviction relief from the judgment in which Appellant was sentenced to death for the double murder of two policemen. The evidence reveals that the murders occurred when police officers, Bennett and Briscoe, were attempting to serve Appellant with five felony warrants from Ohio. Appellant hid behind a brush pile near the police cruiser and opened fire on the officers as they had their backs to him. The officers took cover behind the police cruiser, with one shooting back from over the trunk and the other shooting from over the hood. While Officer Bennett was attempting to obtain something from the backseat of the vehicle, Appellant shot him three times in the back. Officer Briscoe continued to fire his weapon while taking cover behind the police cruiser. Upon realizing that he was out of ammunition, Officer Briscoe turned and tried to run away. While Briscoe was attempting to flee, Appellant shot him twice in the back. After Briscoe was down, Appellant stood over him and fired a final shot into the back of his head.

## PROCEDURAL HISTORY

Although the crimes were committed in Powell County, it was agreed that Appellant would not receive a fair trial in Powell County. As such, venue was transferred to Franklin County. After the case was transferred to the Franklin Circuit Court, Powell Circuit Judge, James L. King, recused himself because one of the victims had previously been his bailiff. After Judge King's recusal, Special Judge William B. Mains of Rowan County was assigned to the case. Five days after Judge Mains was appointed Special Judge, he transferred the case *sua sponte* from Franklin County to Rowan County. Judge Mains was of the opinion that he held the authority to make such a transfer, as both sides had previously agreed to transfer the case from Powell County. Judge Mains cited a busy trial docket in Rowan County as a primary reason for the transfer. In our previous opinion denying RCr 11.42 post-conviction relief to Appellant, we recounted that the Commonwealth and defense counsel both initially objected to the transfer. *Baze v. Commonwealth*, 23 S.W.3d 619, 626 (Ky.2000). However, we noted that both parties subsequently agreed to the transfer. *Id.*

A Rowan County jury was empanelled and a verdict of guilty was reached after three days of deliberation. During the penalty phase, the jury sentenced Appellant to death. Appellant appealed the conviction as a matter of right and this Court affirmed the judgment of the Rowan Circuit Court. *Baze v. Commonwealth*, 965 S.W.2d 817 (Ky.1997). Appellant did not raise the issue of venue or jurisdiction in his direct appeal. Appellant then petitioned for writ of certiorari to the Supreme Court of the United States. Certiorari was denied on April 20, 1998. *Baze v.*

*Kentucky,* 523 U.S. 1083, 118 S.Ct. 1536, 140 L.Ed.2d 685 (1998). He thereafter filed a RCr 11.42 ineffective assistance of counsel motion, which was denied. *Baze v. Commonwealth,* 23 S.W.3d 619 (Ky.2000). On appeal, we affirmed, finding that Appellant received effective assistance of counsel. *Id.*

Next, Appellant petitioned for federal habeas relief pursuant to 28 U.S.C. § 2254. The United States District Court for the Eastern District of Kentucky denied Appellant's petition for habeas relief, and Appellant appealed to the Sixth Circuit Court of Appeals. The Sixth Circuit affirmed. *Baze v. Parker,* 371 F.3d 310 (6th Cir. 2004). Appellant then moved to reopen the RCr 11.42 proceeding and filed a CR 60.02 motion on the ground that new evidence existed concerning his mental health and history. This Court denied both motions in a combined unpublished opinion. *Baze v. Commonwealth,* Nos.2005–SC– 000415–MR and 2005–SC–000420–MR, 2006 WL 1360188 (May 18, 2006).[1] Appellant appealed from the denial of another CR 60.02 motion, and this Court affirmed the denial by unpublished opinion. *Baze v. Commonwealth,* No.2005–SC–000889–MR, 2006 WL 1360281 (May 18, 2006).

Finally, on August 16, 2007, Appellant filed a third CR 60.02 motion. The motion was denied by the Rowan Circuit Court. Appellant now appeals that decision, alleging that the original judgment of the Rowan Circuit Court is void because the court lacked jurisdiction to render the judgment. Moreover, Appellant asserts that he is immune from any timeliness requirement because the judgment was void *ab initio.* We disagree.

1. While we are aware of CR 76.28(4)(c), which prohibits citing unpublished cases as binding precedent where other published precedent exists, we do not cite this case for authority. The unpublished cases cited in this opinion are used for historical purposes only.

## STANDARD OF REVIEW

On review of the denial of a CR 60.02 motion, we review for an abuse of discretion. *White v. Commonwealth,* 32 S.W.3d 83, 86 (Ky.App.2000). The test for abuse of discretion is "whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English,* 993 S.W.2d 941, 945 (Ky.1999). Appellant argues that he is entitled to relief under CR 60.02(e), which states that a court may grant a party relief from a final judgment or order where:

> the judgment is void, or has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application[.]

## PURPOSE OF CIVIL RULE 60.02

Application of the Civil Rules is required in criminal cases by RCr 13.04. This allows CR 60.02 motions to be used by criminal defendants to present additional issues not specifically available through direct appeals or RCr 11.42 motions. *Gross v. Commonwealth,* 648 S.W.2d 853, 856 (Ky.1983). As we have previously stated, CR 60.02 motions are limited to afford special and extraordinary relief not available in other proceedings. *McQueen v. Commonwealth,* 948 S.W.2d 415, 416 (Ky.1997). The rule is not intended to provide an avenue for defendants to relitigate issues which could have been presented in a direct appeal or an RCr 11.42 proceeding. *Id.*

CR 60.02 was enacted as a statutory codification of the common law writ of *coram nobis. Gross v. Commonwealth,* 648 S.W.2d at 856. The purpose of *coram*

*nobis* was to bring pronounced judgment errors before the court which (1) had not been heard or litigated, (2) were not known or could not have been known by the party through the exercise of due diligence, or (3) the party was prevented from presenting due to duress, fear, or some other sufficient cause. *Id.* CR 60.02, in its current form, "does not extend the scope of the remedy [of *coram nobis* ] nor add additional grounds of relief." *Id., citing Harris v. Commonwealth*, Ky., 296 S.W.2d 700, 702 (1956).

 Indeed, we have previously held that *coram nobis* "is an extraordinary and residual remedy to correct or vacate a judgment upon facts or grounds, not appearing on the face of the record and not available by appeal or otherwise, which were not discovered until after rendition of judgment without fault of the party seeking relief." *Harris v. Commonwealth*, 296 S.W.2d at 701. "Thus, while the remedies formerly available in criminal cases by writ of coram nobis have been preserved by CR 60.02, the remedies have not been extended, but have been limited by the language of that rule." *Gross v. Commonwealth*, 648 S.W.2d at 856 (internal citation omitted).

In our denial of Appellant's second CR 60.02 motion, we cautioned that CR 60.02 "was never meant to be used as another vehicle to revisit issues that should have been included or could have been included in prior requests for relief." *Baze v. Commonwealth*, No.2005–SC–000889–MR, 2006 WL 1360281 (May 18, 2006). We further stated that this Court has attempted to make abundantly clear through our decisions that CR 60.02 and RCr 11.42 motions are not to be used to relitigate previously determined issues. *Id.* This Court even reprimanded counsel in its opinion, stating that counsel would be well advised not to

ignore this Court's position on CR 60.02 motions in the future. *Id.*

## BASIS OF CR 60.02 MOTION

Appellant's current CR 60.02 motion concerns the transfer of his case from Franklin County to Rowan County. Appellant argues that circuit courts in Kentucky are courts of general jurisdiction, but such general authority does not extend beyond the geographic limits of each circuit. Thus, Special Judge William Mains, being appointed Special Judge in Franklin County, could only act within Franklin County, and any judgment rendered in Rowan County is void. According to Appellant, the subsequent transfer to Rowan County stripped Judge Mains of territorial jurisdiction to hear the case. Likening territorial jurisdiction to subject matter jurisdiction, Appellant claims that his motion is timely because jurisdictional defects cannot be waived and may be raised at any. time.

 Appellant's arguments misconceive the concepts of venue and jurisdiction. "[T]here are fundamental distinctions between the concepts of jurisdiction and venue, the former relating to the power of courts to adjudicate and the latter relating to the proper place for the claim to be heard." *Dollar General Stores, Ltd. v. Smith*, 237 S.W.3d 162, 166 (Ky.2007). Venue generally derives from a statutory mandate as to the proper county or counties in which a claim may be heard. *Id.* Venue in criminal proceedings is governed by KRS 452.210, *et seq.* and KRS 452.510, *et seq.*

 "Subject matter jurisdiction is concerned with the power of the court to hear and issue a binding decision in particular types of cases." *Wolfenbarger*, 936 S.W.2d at 772. Kentucky's circuit courts are courts of general jurisdiction, and, therefore, have jurisdiction to try felony

cases such as Appellant's. Another facet of jurisdiction, however, involves the territorial jurisdiction of a particular circuit court.

Constitutionally speaking, Kentucky has but one circuit court and all circuit judges are members of that court and enjoy equal capacity to act throughout the state. *Richmond v. Commonwealth*, 637 S.W.2d 642, 646 (1982). However, our statutes and this Court's rules place geographical boundaries on a court's power to hear a case. *Wolfenbarger*, 936 S.W.2d at 773 ("In general, a court is only authorized to act within the geographical boundaries fixed by the statute that grants power to the court to hear a certain class of cases."). Accordingly, a circuit judge has jurisdiction within his own circuit *and* in any area outside his own circuit in a proceeding where he is appointed Special Judge. SCR 1.040(1). Though distinct concepts, both territorial defects and improper subject matter operate to strip a court of jurisdiction to hear a case.

Here, Appellant argues Judge Mains lacked territorial jurisdiction in Rowan County because he had been appointed Special Judge in Franklin County. We disagree. Judge Mains was validly appointed Special Judge in Franklin County for the limited purpose of hearing Appellant's case. He *simultaneously* enjoyed jurisdiction in Rowan Circuit Court, his home district. SCR 1.040(1). Thus, Judge Mains validly obtained jurisdiction over Appellant's case by virtue of his special appointment. Further, Judge Mains did not exceed the bounds of his territorial jurisdiction, as he conducted the trial in Rowan County.

The holding in *Wolfenbarger* does not alter this conclusion. In *Wolfenbarger*, the Boone Circuit Court conducted a trial in Kenton County for the convenience of the defendant, who was in the hospital; even though the defendant was indicted in Boone County and a Boone County jury was empanelled. The Court of Appeals determined that the Boone Circuit Court lacked territorial jurisdiction to conduct a trial in another circuit, absent authorization pursuant to SCR 1.040(1) to conduct proceedings elsewhere. In other words, the Boone Circuit Court acted outside its geographical boundaries by conducting Wolfenbarger's trial in adjacent Kenton County. Here, as a sitting circuit judge in Rowan County, Judge Mains was authorized to conduct proceedings in that county and, therefore, no defect in territorial jurisdiction arose.

What Appellant has attempted to characterize as a jurisdictional defect, perhaps in an attempt to salvage a woefully tardy motion, is actually a question of venue. "The prosecution of a charge in the circuit court of the wrong county is not a jurisdictional defect but one of venue, which can be waived." *Chancellor v. Commonwealth*, Ky., 438 S.W.2d 783 (1969). Lack of venue does not deprive a court of jurisdiction to hear a case. *8 Ky. Prac. Crim. Prac. & Proc.* § 12:84 (2007–2008). Such judgments are considered voidable rather than void. *Id.* Thus, the sole question is whether Rowan County was a proper venue for Appellant's trial.

In the present case, venue was originally proper in Powell County under KRS 452.510, which directs that "unless otherwise provided by law, the venue of criminal prosecutions and penal actions is in the county or city in which the offense was committed," and under Ky. Const. § 11 which entitles a criminal defendant to a "trial by an impartial jury of the vicinage[.]" *See Commonwealth v. Cheeks*, 698 S.W.2d 832 (Ky.1985). However, it was determined that Appellant could not have a fair trial in Powell County, and

venue was transferred to Franklin County under KRS 452.210. This statute allows for change of venue to an adjacent county where a fair trial can be had, or if a fair trial cannot be had in any adjacent county, to the most convenient county where a fair trial can be had. Here, the adjacent counties of Montgomery, Clark, Madison, Estill, Lee, Wolfe, and Menifee were not selected. The non-adjacent county of Franklin was determined to be the most convenient county in which a fair trial could be conducted. Once transferred under KRS 452.210, venue became proper in Franklin County. After Judge King recused himself and Judge Mains was appointed Special Judge, venue remained proper in Franklin County.

Judge Mains thereafter transferred the case *sua sponte* to Rowan County, which Appellant claims was improper. However, any challenge to this second change of venue was unequivocally waived. Both the Commonwealth and defense counsel ultimately agreed to the transfer. For that reason, the issue is not preserved for our review. *See Fritsch v. Caudill*, 146 S.W.3d 926, 927 (Ky.2004) (holding that, unlike jurisdiction, "venue may be conferred by waiver").

Further, it cannot be ignored that the basis of Appellant's motion—the transfer of his trial to Rowan County—occurred over fourteen years ago, surely unreasonable within the meaning of CR 60.02. We remind counsel, yet again, that any challenge to venue could have, and should have, been raised in a direct appeal or any other of Appellant's prior requests for post-conviction relief. Our interest in the finality of judgments and the timely imposition of sentences is axiomatic. Both the patience and resources of this Court are stretched by repeated motions for post-conviction relief raising issues based on decade-old factual circumstances. Counsel

is admonished, most forcefully and for a second time that this is an improper use of our post-conviction relief rules.

## CONCLUSION

At the heart of Appellant's motion is his assertion that his trial should have been conducted in Franklin County. The time for such complaint has long since passed in the fourteen years since Appellant's conviction. Counsel's attempt to characterize this claim as jurisdictional is misguided, as no jurisdictional defect arose where Judge Mains conducted the trial in his own circuit after being appointed Special Judge in the case. In consideration of the foregoing, we affirm the Rowan Circuit Court.

MINTON, C.J.; ABRAMSON, NOBLE, SCHRODER and VENTERS, JJ., concur. SCOTT, J., not sitting.