RENDERED: OCTOBER 28, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0132-MR

MICHAEL HOBSON								APPELLANT

v.						APPEAL FROM LETCHER CIRCUIT COURT
							HONORABLE JAMES W. CRAFT, II, JUDGE
							ACTION NOS. 11-CR-00131, 11-CR-00132, 11-CR-00133,
							11-CR-00134 AND 11-CR-00135

COMMONWEALTH OF KENTUCKY							APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, COMBS, AND GOODWINE, JUDGES.

COMBS, JUDGE: Appellant, Michael Hobson (Hobson), appeals from the denial

of his CR[1] 60.02 motion to reconsider the revocation of his probation. After our

review, we affirm.

On May 26, 2011, a Letcher County Grand Jury indicted Hobson of

46 counts of sexual abuse in the first degree (victim under 12) and 12 counts of

---

[1] Kentucky Rules of Civil Procedure.

sexual abuse in the first degree (by a person of authority). Hobson entered guilty pleas to all 58 counts, which were reduced to sexual abuse in the first degree.[2] Hobson was sentenced to ten-years' imprisonment to be served concurrently, with five years to serve and the remaining five years to be probated, court costs and fines, and conditional discharge for three years after his release from prison.

According to his Appellant's brief, Hobson was released on August 1, 2015. On December 3, 2018, the Commonwealth filed a motion to revoke Hobson's probation due to his failure to abide by one or more terms of his probation -- specifically: that on a routine home visit, the probation and parole officer located an open 12-pack of Bud Light beer containing three unopened cans; that Hobson had failed to pay certain amounts toward costs and fees in each of the indictments; and that Hobson had a smartphone with two prohibited social media applications.

On February 27, 2019, the trial court conducted a hearing and revoked Hobson's probation (details more fully set forth in Appellee's brief, which we need not repeat here). By written order entered on March 28, 2019, the trial court found Hobson "guilty of the violations alleged in the Commonwealth's Motion of Possession of Alcohol only . . . ." The trial court also noted that Hobson had shown a complete disregard of the conditions of his probation and that he posed "a

---

[2] As the Commonwealth notes, the guilty pleas did not specify the age of the victim.

significant risk to prior victims of the community at large and cannot be appropriately managed in the community." Hobson did not appeal from that order.

More than two years later, on October 12, 2021, Hobson, *pro se*, filed a motion to reconsider his probation revocation pursuant to CR 60.02(f) in the Letcher Circuit Court. Hobson claimed that he had been arrested on November 27, 2018, for a minor probation violation. Hobson argued that: (1) although he was entitled to a revocation hearing within 90 days of his arrest under KRS[3] 533.040, his revocation hearing was not held until 92 days after his arrest; and (2) he was entitled to a sanction instead of being sent back to prison "for such a minor technical violation."

By order entered on December 6, 2021, the trial court denied Hobson's CR 60.02 motion.

Hobson now appeals. "The standard of review of an appeal involving a CR 60.02 motion is whether the trial court abused its discretion." *White v. Commonwealth*, 32 S.W.3d 83, 86 (Ky. App. 2000). On appeal, Hobson repeats the same arguments that he made before the trial court, contending that the trial court abused its discretion in denying his motion. We disagree.

CR 60.02 provides as follows:

> On motion a court may, upon such terms as are just, relieve a party or his legal representative from its final

[3] Kentucky Revised Statutes.

judgment, order, or proceeding upon the following grounds: . . . (f) any other reason of an extraordinary nature justifying relief. The motion shall be made within a reasonable time[.]

However, Hobson failed to avail himself of the remedy of a direct appeal and instead inappropriately invoked CR 60.02. We agree with the Commonwealth that Hobson's claims are not cognizable under CR 60.02 because they could have -- and should have -- been raised on direct appeal. Our Supreme Court explained this sequential procedure in *Baze v. Commonwealth*, 276 S.W.3d 761, 765 (Ky. 2008) (citation omitted):

> Application of the Civil Rules is required in criminal cases by RCr[4] 13.04. This allows CR 60.02 motions to be used by criminal defendants to present additional issues not specifically available through direct appeals . . . . As we have previously stated, CR 60.02 motions are limited to afford special and extraordinary relief not available in other proceedings. The rule is not intended to provide an avenue for defendants to relitigate issues which could have been presented in a direct appeal . . . .

The matters which Hobson now raises could have been addressed on direct appeal, and he has failed to demonstrate that he is entitled to the extraordinary relief afforded by CR 60.02.

---

[4] Kentucky Rules of Criminal Procedure.

Accordingly, we affirm the order of the Letcher Circuit Court entered on December 6, 2021, overruling Hobson's motion to reconsider probation revocation.

ALL CONCUR.

BRIEF FOR APPELLANT:

Michael Hobson, *pro se*
La Grange, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Perry T. Ryan
Assistant Attorney General
Frankfort, Kentucky