RENDERED: NOVEMBER 15, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0503-MR

CARL LEE ADKINS                                                    APPELLANT


APPEAL FROM JEFFERSON CIRCUIT COURT
v.         HONORABLE PATRICIA MORRIS, JUDGE
ACTION NO. 12-CR-000395


COMMONWEALTH OF KENTUCKY                                APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: ECKERLE, A. JONES, AND TAYLOR, JUDGES.

JONES, A., JUDGE: Carl Lee Adkins ("Adkins"), *pro se*, appeals from the

February 1, 2023 order of the Jefferson Circuit Court denying his motion under

Kentucky Revised Statue (KRS) 422.285 for DNA testing. After careful review,

we affirm.

## I. BACKGROUND

In February 2012, Adkins was indicted on one count of first-degree

sodomy and one count of second-degree burglary. Record (R.) at 1-2. It was

alleged that, in 2007, a man entered the room of a six-year-old girl where she was sleeping with her mother, carried the girl into a different room, and assaulted her. Video Record ("VR") 3/6/2013 at 11:34:14-11:40:53. The girl was unable to identify the perpetrator, but knew he was African American. *Id*. The perpetrator left once the girl's mother called out to her. *Id*.

In 2013, during Adkins' jury trial, a forensic scientist from the state crime lab gave expert testimony that a swab of dried secretions from the girl's groin tested positive for saliva. VR 3/6/2013 at 12:33:34-12:37:50. The testing on that swab resulted in a DNA profile consistent with the girl and Adkins' DNA at 11 of 13 loci. VR 3/6/2013 at 3:29:10-3:34:30. The test results from the other two loci that were tested were inconclusive. VR 3/6/2013 at 3:33:13. Additionally, hairs were found on the comforter taken from the girl's bed. VR 3/6/2013 at 12:42:41. The hairs were not tested, as the scientist testified, because a hair comparison generally does not indicate that a specific hair belonged to a specific person. VR 3/6/2013 at 12:42:54-12:49:20. The scientist could not say whether a hair analysis could be exculpatory. VR 3/6/2013 at 12:49:30.

Adkins was convicted of the lesser-included offense of first-degree sexual abuse and second-degree burglary. Record ("R.") at 127-129. Adkins was sentenced to twenty-years' imprisonment total. *Id*. Adkins' conviction and

sentence were affirmed by the Supreme Court of Kentucky on direct appeal.[1]  In 2017, Adkins filed a motion pursuant to Kentucky Rule of Criminal Procedure ("RCr") 11.42, alleging his counsel was ineffective.  R. at 170.  The motion was denied.  Adkins appealed the denial to this Court.  We affirmed the trial court's denial of the RCr 11.42 motion.[2]  On December 19, 2022, Adkins filed a motion with the trial court asking for additional DNA testing.  R. at 370.  The trial court denied the motion on February 1, 2023.  R. at 411.  This appeal follows.

## II.   STANDARD OF REVIEW

We review the trial court's order denying Adkins' motion for additional DNA testing for an abuse of discretion.  *Moore v. Commonwealth*, 357 S.W.3d 470, 492 (Ky. 2011).  A trial court abuses its discretion when it makes a decision that is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles."  *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).  The trial court's decision will be affirmed unless there is a showing of a "flagrant miscarriage of justice."  *Gross v. Commonwealth*, 648 S.W.2d 853, 858 (Ky. 1983).

---

[1]  *Adkins v. Commonwealth*, No. 2013-SC-000460-MR, 2014 WL 2810040 (Ky. Jun. 19, 2014).

[2]  *Adkins v. Commonwealth*, No. 2017-CA-001585-MR, 2020 WL 1330197 (Ky. App. Mar. 20, 2020).

### III. ANALYSIS

On appeal, Adkins argues that, pursuant to KRS 422.285, he is entitled to post-conviction DNA testing on the hairs recovered from the comforter. KRS 422.285 is "a special exception to the rule of finality of judgments," granting particular "felons the right to post-conviction DNA testing of certain evidence." *Owens v. Commonwealth*, 512 S.W.3d 1, 7 (Ky. App. 2017). However, before granting relief, a trial court must determine that the petitioner meets the specific requirements in KRS 422.285. *Id*. KRS 422.285 requires the trial court to determine the availability of relief the petitioner seeks by analyzing the following: the specific factual averments the petitioner makes in support of his petition (KRS 422.285(2)); the petitioner must have been convicted of particular offenses (KRS 422.285(1)(a)); the petitioner must be incarcerated or under correctional supervision (KRS 422.285(5)(f) and (6)(f)); and, the petitioner must demonstrate the evidence at issue is available and has not previously been subjected to DNA testing (KRS 422.85(5)(b)-(c), (6)(b)-(c)). *Owens*, 512 S.W.3d at 7. In the present case, Adkins and his petition demonstrate the above preliminary requirements.

"If the petition meets the requirements of the statute, and if the petitioner is among the class of persons intended to be granted this statutory right, and if the evidence the petitioner seeks to have tested otherwise qualifies for testing," the trial court must then determine if there is "a reasonable probability

that the DNA evidence the petitioner seeks would have made a difference had it been available at or before trial[.]" *Id.* at 10. First, under KRS 422.285(5)(a), the trial court must determine, if taking as true the DNA testing result predictions of the petitioner, whether "[a] reasonable probability exists that the petitioner would not have been prosecuted or convicted" if the evidence had been available before or during trial. KRS 422.285(5)(a); *Owens*, 512 S.W.3d at 10. If the trial court cannot come to this conclusion, it must then analyze reasonable probability under KRS 422.285(6)(a). *Owens*, 512 S.W.3d at 10-11.

The trial court may order DNA testing if it determines a reasonable probability exists that either:

> 1. The petitioner's verdict or sentence would have been more favorable if the results of DNA testing and analysis had been available at the trial leading to the judgment of conviction; or
>
> 2. DNA testing and analysis will produce exculpatory evidence[.]

KRS 422.285(6)(a)1., 2. Otherwise, if the court determines that there is no reasonable probability that DNA testing results would produce a favorable verdict, sentence, or exculpatory evidence, then the trial court *shall* dismiss the petition. *Id*. at 11. KRS 422.285(5)(a) (emphasis added). The trial court must assume the evidence will be favorable to the petitioner when completing its reasonable probability analysis. *Bowling v. Commonwealth*, 357 S.W.3d 462, 468 (Ky. 2010).

-5-

Adkins argues that the trial court failed to make the prerequisite determinations that Adkins was the type of person to benefit from KRS 422.285. After reviewing the record, the trial court implicitly followed the analysis described in *Owens*, and correctly applied the reasonable probability standard. The trial court determined that there was no reasonable probability that the evidence Adkins seeks to have tested would have produced a favorable verdict, sentence, or exculpatory evidence. After reviewing the record and law, we agree.

Adkins fails to support his argument with an explanation as to how testing the hairs found on the comforter (or any other evidence not previously tested) would result in a favorable verdict, sentence, or any exculpatory evidence. He broadly contends that DNA testing of the hairs would change the outcome of his trial; however, he fails to explain how. This Court previously determined in a prior appeal that not introducing evidence of the hairs at Adkins' trial or cross-examining the scientific expert about the hairs was a specific strategy taken by Adkins' attorney. R. at 251-255. Furthermore, the scientific expert testified that he could not say whether or not the hairs would provide results favorable to Adkins or any exculpatory evidence. *Id*. The Kentucky Supreme Court previously came to this same conclusion in *Wilson v. Commonwealth*, 381 S.W.3d 180, 190 (Ky. 2012), where the Court held that the DNA results from hairs found inside a vehicle would only, at most, show that other people had been inside the car which is not

-6-

exculpatory evidence. *Wilson*, 381 S.W.3d at 190. The same framework can be applied here because the house where the comforter was taken from had multiple people living in it at the time of the burglary and sexual assault. VR at 10:47:10, 11:16:30, 11:18:20, 11:19:20. Adkins has not provided any explanation as to how the DNA testing results of the hairs would be favorable to him at the time of his trial or judgment of conviction; there is also no explanation of how testing the hairs would provide exculpatory evidence. Even if the hairs were proven to belong to someone other than Adkins, the fact would remain that Adkins' DNA was found on the victim's groin area. The hair evidence would not exclude Adkins being the source of that DNA. Therefore, the trial court did not abuse its discretion when it denied Adkins' motion for DNA testing.

## IV. CONCLUSION

For the foregoing reasons, the Jefferson Circuit Court's February 1, 2023 order is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

Carl Lee Adkins, *pro se*
Eddyville, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Christopher Henry
Assistant Attorney General
Frankfort, Kentucky