RENDERED:  OCTOBER 31, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0566-MR

GEORGE BEASON, JR.                                                           APPELLANT

v.                 APPEAL FROM HARDIN CIRCUIT COURT
                   HONORABLE JOHN D. SIMCOE, JUDGE
                   ACTION NO. 11-CR-00474

COMMONWEALTH OF KENTUCKY                                            APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ACREE AND A. JONES, JUDGES.

JONES, A., JUDGE:  Acting without the assistance of counsel, George Beason appeals from the Hardin Circuit Court's order denying his motion for post-conviction relief under CR[1] 60.02(d)-(f).  Beason argues that his convictions are void because of alleged irregularities in the 2011 grand-jury proceedings that led to his indictment.  Finding the motion untimely and procedurally barred, we affirm.

---

[1] Kentucky Rules of Civil Procedure.

# I.  BACKGROUND

In 2013, following a bench trial, the Hardin Circuit Court found George Beason guilty of three counts of incest, one count of third-degree rape, three counts of third-degree sodomy, four counts of first-degree sexual abuse, one count of distribution of obscene material to a minor, and of being a second-degree persistent felony offender.  The court imposed a total sentence of seventy years' imprisonment.  The Kentucky Supreme Court affirmed the judgment on direct appeal.  *Beason v. Commonwealth*, No. 2013-SC-000272-MR, 2015 WL 2266375 (Ky. May 14, 2015).

In 2016, Beason filed a motion for post-conviction relief under RCr[2] 11.42, raising, among other issues, alleged defects in his indictment.  The circuit court denied the motion, and Beason did not appeal.

No further action occurred until December 2023, when Beason filed the present motion under CR 60.02(d)-(f), asserting that his indictment was void because the grand jury allegedly returned "no true bills" on several incest counts.  The circuit court denied the motion without a hearing on May 3, 2024.  This appeal followed.

---

[2] Kentucky Rules of Criminal Procedure.

## II. STANDARD OF REVIEW

The standard of review of an appeal involving a CR 60.02 motion is whether the trial court abused its discretion. *Hodge v. Commonwealth*, 610 S.W.3d 227, 229 (Ky. 2020); *Meece v. Commonwealth*, 529 S.W.3d 281, 285 (Ky. 2017). "Whether a defendant is entitled to the extraordinary relief provided by CR 60.02 is a matter left to the sound discretion of the court, and the exercise of that discretion will not be disturbed on appeal except for abuse." *Id.* (quoting *Brown v. Commonwealth*, 932 S.W.2d 359, 362 (Ky. 1996)) (internal quotation marks omitted). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014) (citing *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999)).

A movant is not entitled to an evidentiary hearing on a CR 60.02 motion unless he "affirmatively alleges facts which, if true, justify vacating the judgment and further allege[s] special circumstances that justify CR 60.02 relief." *White v. Commonwealth*, 32 S.W.3d 83, 86 (Ky. App. 2000).

## III. ANALYSIS

Kentucky law establishes an orderly and exclusive process for review of criminal convictions. A defendant aggrieved by a judgment must first pursue a direct appeal, raising every ground of error reasonably known at that time.

Thereafter, while still in custody, he may seek collateral relief under RCr 11.42 for any constitutional claims that were not and could not have been raised on direct appeal. Once those avenues have been exhausted, a motion under CR 60.02 provides only a limited, residual remedy. *Gross v. Commonwealth*, 648 S.W.2d 853, 856-58 (Ky. 1983).

As the Court in *Gross* explained, this sequential process is the exclusive method for a convicted defendant to challenge the judgment, designed to ensure both efficiency and finality in criminal proceedings. *Id.* at 856. Consequently, CR 60.02 cannot be used to relitigate matters previously determined or those that could have been presented on direct appeal or in an RCr 11.42 motion. *Foley*, 425 S.W.3d at 886; *Baze v. Commonwealth*, 276 S.W.3d 761, 766 (Ky. 2008).

The rule's narrow function is to bring before the court issues that could not have been raised by any other procedure and which, if true, would render the original judgment manifestly unjust. *Halvorsen v. Commonwealth*, 671 S.W.3d 68, 73 (Ky. 2023). It is not a substitute for direct appeal or collateral review under RCr 11.42, nor does it authorize repetitive or piecemeal litigation of known claims. *Foley*, 425 S.W.3d at 886; *Baze*, 276 S.W.3d at 766.

This framework reflects a deliberate hierarchy: direct appeal addresses ordinary trial error; RCr 11.42 provides a vehicle for constitutional challenges

while a defendant remains in custody; and CR 60.02, invoked sparingly, preserves the integrity of the judicial process only in extraordinary circumstances. The orderly sequence preserves both fairness and finality, the cornerstones of Kentucky's post-conviction jurisprudence.

The circuit court denied Beason's CR 60.02 motion on two independent grounds: it was not filed within a reasonable time, and it sought to relitigate issues that could have been raised earlier. Both determinations were correct.

Beason sought post-conviction relief under CR 60.02(d), (e), and (f). Those provisions permit a court to relieve a party from a final judgment on grounds of "fraud affecting the proceedings, other than perjury or falsified evidence" (d); because "the judgment is void" or "it is no longer equitable that the judgment should have prospective application" (e); or for "any other reason of an extraordinary nature justifying relief" (f).

Although subsections (d) through (f) contain no fixed deadline, they are still subject to the requirement that the motion be made within a reasonable time. CR 60.02; *Gross*, 648 S.W.2d at 858. What constitutes a reasonable time depends on the circumstances of each case, but delays of five years or more have consistently been found excessive. *Id.*; *Foley*, 425 S.W.3d at 886.

Beason's motion was filed in December 2023—more than eleven years after his conviction and nearly nine years after his direct appeal became final. The circuit court correctly concluded that such a delay was unreasonable under the rule and denied the motion on that basis. *See Gross*, 648 S.W.2d at 858 (five-year delay untimely); *Reyna v. Commonwealth*, 217 S.W.3d 274, 276 (Ky. App. 2007) (four-year delay within trial court's discretion to deny).

The circuit court also properly found the motion procedurally barred. CR 60.02 "is not intended to provide relief for grounds that could be attacked through direct appeals or collateral motions such as grounds under RCr 11.42." *Meece*, 529 S.W.3d at 285 (emphasis omitted); *Baze*, 276 S.W.3d at 766. The alleged irregularities in the grand-jury proceedings were apparent from the record and could have been raised before trial or on direct appeal. Because CR 60.02 may not be used as a substitute for ordinary appellate or collateral review, the trial court acted within its discretion in denying relief on procedural grounds.

Finally, the circuit court did not err in denying Beason's request for an evidentiary hearing. Whether a motion under CR 60.02(d)-(f) was filed within a reasonable time is a question committed to the trial court's discretion, and a hearing is unnecessary to make that determination. *Stoker v. Commonwealth*, 289 S.W.3d 592, 596 (Ky. App. 2009) ("An evidentiary hearing is not required to assess the reasonable time restriction inherent in CR 60.02 motions as such is left

to the discretion of the Court.").  Here, the record before the circuit court conclusively supported its denial of relief without further proceedings.[3]

## IV.  CONCLUSION

Beason's motion for relief under CR 60.02(d), (e), and (f) was filed well beyond a reasonable time and sought to raise issues that could have been presented before trial or on direct appeal.  Because the rule is not a substitute for those prior proceedings and because no jurisdictional defect or extraordinary circumstance is shown, the Hardin Circuit Court acted within its discretion in denying relief.  Accordingly, the order of the Hardin Circuit Court is AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANT:

George Beason, Jr, *pro se*
LaGrange, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Ken W. Riggs
Assistant Attorney General
Frankfort, Kentucky

---

[3] Beason's contention that his judgment is "void" is without merit.  A judgment is void only when the court lacked jurisdiction over the parties or subject matter, or when it was entered in a manner inconsistent with due process.  *Baze*, 276 S.W.3d at 766.  Alleged irregularities in grand-jury proceedings, even if true, do not divest a circuit court of jurisdiction once an indictment has been returned.  *Foley*, 425 S.W.3d at 886.  At most, such claims involve trial error that could have been raised before trial or on direct appeal and do not render the judgment void.