RENDERED: MARCH 27, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1231-MR

JOHN MARTIN APPELLANT

APPEAL FROM ANDERSON CIRCUIT COURT
v. HONORABLE MELANIE BRUMMER, JUDGE
ACTION NO. 09-CR-00042

COMMONWEALTH OF KENTUCKY APPELLEE

AND

NO. 2024-CA-1305-MR

JOHN MARTIN APPELLANT

APPEAL FROM ANDERSON CIRCUIT COURT
v. HONORABLE MELANIE BRUMMER, JUDGE
ACTION NO. 09-CR-00042

COMMONWEALTH OF KENTUCKY APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  A. JONES, KAREM, AND MOYNAHAN, JUDGES.

JONES, A., JUDGE:  With the assistance of his appointed counsel, John Martin appeals from two separate orders issued by the Anderson Circuit Court.  In 2024-CA-1231, he appeals from the circuit court's denial of his motion for a bill of particulars.[1]  In 2024-CA-1305, Martin appeals from the circuit court's denial of his petition for relief pursuant to CR[2] 60.02.[3]  After our review of the facts and the law, we affirm the circuit court.

## I. BACKGROUND

In January 2011, John Martin entered guilty pleas in Anderson Circuit Court to six counts of first-degree sexual abuse,[4] two counts of second-degree sodomy,[5] one count of second-degree rape,[6] and one count of third-degree rape.[7] The offenses involved a single victim and occurred in Anderson County from 2001

---

[1]  Because Martin elected not to brief this claim, we consider the issue waived on appeal. "[G]enerally, appellate courts will decline to reach issues an appellant raised in a lower court but failed to brief on appeal."  *Commonwealth v. Pollini*, 437 S.W.3d 144, 148 (Ky. 2014) (citations omitted).  Accordingly, the only remaining issue stems from his appeal in 2024-CA-1305.

[2]  Kentucky Rules of Civil Procedure.

[3]  Martin filed a single brief listing both case numbers.

[4]  Kentucky Revised Statutes ("KRS") 510.110.

[5]  KRS 510.080.

[6]  KRS 510.050.

[7]  KRS 510.060.

through 2007. In April 2011, the circuit court entered a final judgment consistent with Martin's plea agreement, imposing concurrent sentences for the sexual abuse and sodomy convictions and consecutive sentences for the rape convictions, for a total sentence of twenty-three years' imprisonment followed by five years of conditional discharge.

In May 2013, Martin filed a document he styled "motion to amend" seeking removal of the conditional discharge portion of his sentence. After the circuit court denied his motion, Martin appealed to this Court. *Martin v. Commonwealth*, Nos. 2012-CA-001172-MR, 2012-CA-001299-MR, 2012-CA-001513-MR, 2014 WL 1345281 (Ky. App. Apr. 4, 2014).[8] In our Opinion affirming the circuit court, we characterized Martin's motion as having been made pursuant to RCr[9] 11.42. The Kentucky Supreme Court accepted discretionary review and issued an opinion affirming with respect to the substantive issue of whether the appellants were entitled to have their sentences amended, but vacating our "characterization of the defendants' unlabeled trial court motions as RCr 11.42 motions." *McDaniel v. Commonwealth*, 495 S.W.3d 115, 128 (Ky. 2016). As to the latter point, the Court directed that "the defendants 'motions to amend' in these

---

[8] Two other inmates filed similar appeals from similar motions. We consolidated the three appeals for the sake of judicial economy, and henceforth the appeals were heard together.

[9] Kentucky Rules of Criminal Procedure.

cases should not [] be used against them as any sort of bar to their subsequent resort to RCr 11.42." *Id.*

Next, on March 4, 2013, Martin filed a motion to correct his presentence investigation report ("PSI").[10]  The circuit court denied the motion on the grounds that Martin had the opportunity to contest the contents of the PSI at his sentencing, but he failed to do so.  Martin appealed to our Court.  *Martin v. Commonwealth*, No. 2013-CA-000699-MR, 2014 WL 5315100, at *1 (Ky. App. Oct. 17, 2014).  In his appeal, Martin argued that he was entitled to relief under CR 60.02(a) because there was a mistake in the PSI.  *Id.*  We affirmed the circuit court after concluding that Martin's motion was untimely, as it was filed almost two years after his judgment of conviction.[11]  Alternatively, we held that even if timely filed, the motion would not have merited relief.  *Id.*

Martin launched his next attack on his judgment in May of 2013, via an RCr 11.42 motion asserting numerous instances of ineffective assistance by his

---

[10]  In this motion, Martin objected that his PSI contained information on fourteen counts of unlawful transaction with a minor.  He argued that because he was never indicted on those charges due to insufficient evidence, they should not have been included in his PSI report.

[11]  CR 60.02 ("The motion shall be made within a reasonable time, and on grounds (a), (b), and (c) not more than one year after the judgment, order, or proceeding was entered or taken.").

trial counsel.[12]  The circuit court denied the motion on November 7, 2019.  Martin did not appeal.

Undeterred, Martin filed another *pro se* motion on November 18, 2019, invoking CR 60.02(e)-(f).  In this motion, he argued that his twenty-three-year sentence should have been capped at twenty years pursuant to KRS 532.110 and KRS 532.080.  The circuit court appointed DPA to argue the motion on Martin's behalf.  On June 28, 2022, the circuit court entered an order granting the motion and reducing Martin's sentence to twenty years.

This brings us to the motion at issue in this appeal, which Martin filed *pro se* in late 2022.  In that motion, Martin asserted that he could prove he did not commit any offenses alleged to have occurred in 2006 or later and claimed that, due to a brain injury, he did not understand the nature of the charges when he entered his guilty plea.[13]  While somewhat convoluted, the gist of Martin's argument was that he did not live with his former wife, the victim's mother, in 2006 or thereafter, was barred from contact with her pursuant to a protective order,

---

[12]  Due to Martin's pending appeals, the circuit court held the RCr 11.42 motion in abeyance until April of 2017.

[13]  The indictment alleged various sex crimes against Martin that occurred in Anderson County between September 2003-2008.

-5-

and resided outside Anderson County at all times from 2006 onward.[14]  The circuit

court set an evidentiary hearing and appointed counsel to assist Martin.  After

noting the substantive fallacies in Martin's arguments, the circuit court denied his

CR 60.02 motion as untimely.[15]  This appeal followed.

## II. STANDARD OF REVIEW

The standard of review of an appeal involving a CR 60.02 motion is

whether the circuit court abused its discretion.  *Hodge v. Commonwealth*, 610

S.W.3d 227, 229 (Ky. 2020); *Meece v. Commonwealth*, 529 S.W.3d 281, 285 (Ky.

2017).  "Whether a [d]efendant is entitled to the extraordinary relief provided by

CR 60.02 is a matter left to the sound discretion of the court, and the exercise of

that discretion will not be disturbed on appeal except for abuse."  *Id.* (quoting

*Brown v. Commonwealth*, 932 S.W.2d 359, 362 (Ky. 1996)) (internal quotation

marks omitted).  "The test for abuse of discretion is whether the [circuit court's]

---

[14]  According to the Commonwealth, it appears that Martin's strategy is to avoid classification as a violent offender because the General Assembly amended KRS 439.3401 to classify felony sex offenders as violent offenders on October 6, 2006.  (Commonwealth's Brief at 5, n.4.)

[15]  As the circuit court astutely pointed out, neither the existence of the protective order nor Martin's official place of residence conclusively established that he did not have contact with the victim from 2006 onward.  The circuit court explained:

> At the hearing on this matter, [Martin] alleged the dates for the conviction were inaccurate, as the [he] was incarcerated during much of the time period in the allegation and subsequent to his incarceration, he was subject to an EPO making it impossible for him to have committed the offense during the time alleged. However, the Commonwealth presented evidence through a witness in this case, that the [Martin] had contact with her and the victim after his incarceration and could have committed the offense as charged.  Additionally, [Martin] received new criminal charges after the time in question for violations of that EPO.

-6-

decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014) (citing *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999)).

## III. ANALYSIS

Kentucky law establishes an orderly and exclusive process for review of criminal convictions. A defendant aggrieved by a judgment must first pursue a direct appeal, raising every ground of error reasonably known at that time. Thereafter, while still in custody, he may seek collateral relief under RCr 11.42 for any constitutional claims that were not and could not have been raised on direct appeal. Once those avenues have been exhausted, a motion under CR 60.02 provides only a limited, residual remedy. *Gross v. Commonwealth*, 648 S.W.2d 853, 856-58 (Ky. 1983).

As the Court in *Gross* explained, this sequential process is the exclusive method for a convicted defendant to challenge the judgment, designed to ensure both efficiency and finality in criminal proceedings. *Id.* at 856. Consequently, CR 60.02 cannot be used to relitigate matters previously determined or those that could have been presented on direct appeal or in an RCr 11.42 motion. *Foley*, 425 S.W.3d at 886; *Baze v. Commonwealth*, 276 S.W.3d 761, 766 (Ky. 2008).

The rule's narrow function is to bring before the court issues that could not have been raised by any other procedure and which, if true, would render the original judgment manifestly unjust. *Halvorsen v. Commonwealth*, 671 S.W.3d 68, 73 (Ky. 2023). It is not a substitute for direct appeal or collateral review under RCr 11.42, nor does it authorize repetitive or piecemeal litigation of known claims. *Foley*, 425 S.W.3d at 886; *Baze*, 276 S.W.3d at 766.

This framework reflects a deliberate hierarchy: direct appeal addresses ordinary trial error; RCr 11.42 provides a vehicle for constitutional challenges while a defendant remains in custody; and CR 60.02, invoked sparingly, preserves the integrity of the judicial process only in extraordinary circumstances. The orderly sequence preserves both fairness and finality, the cornerstones of Kentucky's post-conviction jurisprudence.

The circuit court determined Martin's CR 60.02 motion was untimely filed. It reasoned that to the extent the motion was being pursued under CR 60.02 (a), (b), or (c) it was not brought within a year of the judgment, and if being brought under (e) or (f), the motion was not filed within a reasonable time because all the information adduced at the hearing was either known or should have been

known to Martin at the time or shortly after he pleaded guilty and the judgment was entered.[16]

On appeal, Martin attempts to explain the delay by arguing he has been impaired "from being shot in the head as a teenager." (Appellant's Brief at 10.) According to Martin, this issue prevented him from understanding the charges or the outcome of his plea. (Appellant's Brief at 8.)

The circuit court did not abuse its discretion. "What constitutes a reasonable time in which to move to vacate a judgment under CR 60.02 is a matter that addresses itself to the discretion of the [circuit] court." *Gross*, 648 S.W.2d at 858. The Kentucky Supreme Court has affirmed the circuit court's denial of a CR 60.02 motion as untimely when filed five years post-judgment. *Id*. Similarly, we have reasoned that denial of a CR 60.02 motion filed four years post-judgment would be within a circuit court's discretion. *Reyna v. Commonwealth*, 217 S.W.3d 274, 276 (Ky. App. 2007). Additionally, we agree with the circuit court that Martin's purported impairments were known to him at the time of sentencing and could have been raised at sentencing or in previous proceedings. After a delay of thirteen years post-judgment, well beyond what was considered untimely in *Gross* and *Reyna*, the circuit court did not abuse its discretion when it determined the

---

[16] The circuit court explained: "The violations of the EPO after the dates in question, the [head] injury to [Martin] from his youth, and the dates he was incarcerated during the period in question were all known to [Martin] at the time he entered his plea in 2011. Therefore, this Court does not find a thirteen (13) year delay in filing this motion to be reasonable."

petition was untimely under CR 60.02(e) or (f). We further note that despite his alleged cognitive difficulties, Martin was able to litigate several post-conviction motions over a period of many years. We see no reason why his impediment would have prevented him from bringing the current motion in a timely fashion.

## IV. CONCLUSION

For the foregoing reasons, we affirm the Anderson Circuit Court's order denying relief under CR 60.02.


ALL CONCUR.

BRIEFS FOR APPELLANT:

Samuel N. Potter
Adam Meyer
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Jenny L. Sanders
Assistant Attorney General
Frankfort, Kentucky