865 F.2d 260
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert A. PRATHER, Petitioner-Appellant,
v.
Al C. PARKE, Respondent-Appellee.
 No. 88-5290.
 United States Court of Appeals, Sixth Circuit.
 Dec. 5, 1988.
 
 Before KENNEDY, RALPH B. GUY, Jr. and RYAN, Circuit Judges.
 
 ORDER
 
 1
 This pro se Kentucky state prisoner appeals the district court's judgment dismissing his petition for writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Prather was convicted by a jury of attempted armed robbery and the status offense of a persistent felony offender. He was sentenced to fifteen years imprisonment. On direct appeal, the Kentucky Court of Appeals reversed his conviction finding insufficient evidence. The Kentucky Supreme Court, upon discretionary review, reversed, holding that Prather had taken a substantial step toward commission of an armed robbery. Thereafter, petitioner filed the instant habeas petition alleging a double jeopardy violation by the Kentucky Supreme Court's reversal of the Court of Appeals finding of insufficient evidence, and; that the Kentucky Supreme Court's interpretation of Ky.Rev.Code Sec. 506.101 (Kentucky's attempt statute) was in effect; passage of an ex post facto law. The district court dismissed the petition finding that neither claim warranted habeas relief. Upon review, we affirm.
 
 
 3
 Initially, we note that the double jeopardy issue has been adequately exhausted. The ex post facto issue however was not adequately exhausted because it was initially presented to the Kentucky Supreme Court via a Ky.R.Civ.P. 60.03 motion for relief from judgment and was never presented to the Kentucky Court of Appeals. Because Rule 60.03 is not the appropriate method in which to attack an erroneous criminal conviction, see Gross v. Commonwealth, 648 S.W.2d 853, 856-57 (Ky.1983), petitioner failed to fairly present his ex post facto claim to the Kentucky Supreme Court. See Prather v. Rees, 822 F.2d 1418, 1420 (6th Cir.1987). Despite petitioner's failure to exhaust his remedies before the state appellate courts, we conclude that the interests of justice would be better served by addressing the merits of this case because both of petitioner's claims are clearly meritless. See Granberry v. Greer, 481 U.S. 129, 107 S.Ct. 1671, 1675 (1987); Haggins v. Warden, Ft. Pillow State Farm, 715 F.2d 1050, 1054 (6th Cir.1983), cert. denied, 464 U.S. 1071 (1984).
 
 
 4
 The double jeopardy claim is meritless because an appellate court's order reversing a conviction is subject to further review. See United States v. Wilson, 420 U.S. 332, 345 (1975). In addition, the Kentucky Supreme Court did not impermissibly consider evidence excluded at trial. The brief reference made to the suppressed tape recordings was dictum and in no way influenced the Court's finding of sufficient evidence.
 
 
 5
 Nor did the Kentucky Supreme Court's interpretation of its attempt statute constitute passage of an ex post facto law. Review of the statute and the Court's opinion lead us to the conclusion that the interpretation rendered by the Kentucky Supreme Court was both reasonable and expected. See Marks v. United States, 430 U.S. 188, 191-92 (1977).
 
 
 6
 Lastly, we note that the crux of petitioner's claims is there was insufficient evidence to support his attempt conviction. We conclude that the facts as rendered by the Kentucky Supreme Court would lead any rational trier of fact to the conclusion that petitioner was guilty beyond a reasonable doubt of the crimes charged. See Jackson v. Virginia, 443 U.S. 307, 324 (1979); Brown v. Davis, 752 F.2d 1142, 1147 (6th Cir.1985) (state court factual findings entitled to presumption of correctness when not rebutted by clear and convincing evidence).
 
 
 7
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.