RENDERED: MAY 21, 2021; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0045-MR

MICHAEL WAYNE PRIDDY                                        APPELLANT

v.
APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE MITCH PERRY, JUDGE
ACTION NO. 07-CR-003446-01

COMMONWEALTH OF KENTUCKY                                    APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: CALDWELL, MCNEILL, AND TAYLOR, JUDGES.

CALDWELL, JUDGE: Michael Wayne Priddy (Priddy) appeals from the

Jefferson Circuit Court's order denying his CR[1] 60.02 motion seeking to void a

prior order in which the court determined he was subject to the conditional

discharge imposed upon those convicted of enumerated sexually based offenses

---

[1] Kentucky Rule of Civil Procedure.

pursuant to KRS[2] 532.043. Priddy argues that because he entered guilty pleas to criminal facilitation, which is not an offense enumerated in KRS 532.043, the trial court erred in sentencing him to serve conditional discharge once he completed the sentence imposed for the offenses to which he pleaded. We agree with Priddy and reverse the trial court. We remand for entry of an order consistent with this Opinion.

## FACTS AND PROCEDURAL HISTORY

In 2007, Priddy was charged in a multi-count indictment which consisted of several sexually based offenses including rape and sodomy, both in the first degree. Each of the charges was based on a complicity theory. The charges arose after it was alleged that Priddy, along with another defendant, forced their way into an apartment in Louisville and held the two occupants, a man and woman, hostage. They then forced the female victim to engage in sexual acts, both upon them and upon her partner.

Following several years of litigation, Priddy was offered, and he accepted, a plea deal by the Commonwealth. In exchange for guilty pleas to facilitation of rape, two counts of sodomy in the first degree, and kidnapping, as well as complicity to robbery in the first degree, burglary in the first degree, assault in the second degree, and wanton endangerment in the first degree, he was

_____

[2] Kentucky Revised Statute.

sentenced to a total of fourteen (14) years' imprisonment. He was required to serve at least 85% of his sentence pursuant to KRS 439.3401(3)(a). The judgment and sentence of the Jefferson Circuit Court imposed a five-year period of conditional discharge pursuant to KRS 532.043. That judgment was entered in 2009.

After completing 85% of his sentence, Priddy, through counsel, moved for an order pursuant to CR 60.02 voiding the portion of the judgment which imposed the conditional discharge. Priddy's argument was that as he had entered guilty pleas to *facilitation*, a separate offense not enumerated in KRS 532.043, he was not found guilty of any offense which requires imposition of conditional discharge. In support, he cited the fact that the Department of Corrections had determined that he was not subject to KRS 532.043 as he was convicted of facilitation of rape in the first degree and sodomy in the first degree, an inchoate offense not enumerated in the statute as a sexually based offense which would require the imposition of conditional discharge.

The Commonwealth, through the Jefferson Commonwealth's Attorney's Office, responded and argued that the motion was time barred under CR 59.05. It argued the offenses that Priddy "committed" were sex offenses and the fact that Priddy pleaded guilty to facilitation to commit the offenses was a distinction of no import.

The trial court issued a written order denying Priddy the relief. In the order, the court determined that Priddy's claim was not out of time, falling under CR 60.02(e) or (f) as having been made "within a reasonable time" of the "extraordinary circumstances" of his claim. The court found Priddy was "technically correct that the facilitation offenses do not fall under the literal plain language of any statute listed under KRS 532.043(1)." The court then went further to find that although Priddy did not commit the actual crimes of rape in the first degree or sodomy in the first degree, facilitation of those crimes was sufficient to place Priddy under KRS Chapter 510 and, therefore, KRS 532.043(1). Priddy appealed.

## STANDARD OF REVIEW AND ANALYSIS

*Procedural Question*

Priddy filed a motion entitled "Motion to Void Prior Court Order Requiring Defendant to do a Five (5) Year Period of [Conditional] Discharge Since He is not a Sex Offender per the KRS nor the Kentucky State Police nor is He on the Sex Offender Registry." The original motion, filed some ten years after the entry of the judgment imposing the conditional discharge, did not cite the rule under which it was being filed. In his reply to the Commonwealth's response,

Priddy argued that the motion was made pursuant to CR 60.02(e) and (f).[3] The Commonwealth had argued that the motion was not timely under CR 59.05 and argued that CR 60.02 grounds did not apply to the matter raised.

The trial court, after considering the written motion, response, and reply, as well as arguments of counsel, entered a written order and opinion. The court agreed with Priddy that the motion was timely filed and decided the matter on the merits.

The Commonwealth did not file a cross-appeal as to the trial court's ruling that the motion was timely and appropriately filed pursuant to CR 60.02. Nonetheless, we will briefly discuss the standard of review regarding motions brought under CR 60.02. It is within the sound discretion of the trial court whether to grant or deny relief pursuant to CR 60.02. Thus, we will reverse only upon a finding of an abuse of that discretion.

> The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles. *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citing 5 Am.Jur.2d Appellate Review § 695 (1995)). Therefore, we will affirm the lower court's decision unless there is a showing of some "flagrant miscarriage of justice." *Gross* [*v. Commonwealth*, 648 S.W.2d 853, 858 (Ky. 1983)].

---

[3] Under CR 60.02, the trial court may relieve a party from a judgment on the following grounds: "(e) the judgment is void, or has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (f) any other reason of an extraordinary nature justifying relief."

*Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014). We hold the trial court did not abuse its discretion in finding that the motion was timely filed or that the claim be considered filed pursuant to CR 60.02(e) or (f).

Pursuant to CR 60.02, there is no specific prescribed time within which claims made pursuant to CR 60.02(e) or (f) must be filed. Rather, the rule requires that the "motion shall be made within a reasonable time[.]" *Id.* We cannot say that the trial court abused its discretion as Priddy filed the motion within forty-five (45) days of the issuance of a letter from an employee of the Department of Corrections indicating that the Department interpreted the law not to include facilitation as an offense for which one would be considered subject to conditional discharge under KRS 532.043(1). We therefore move on to the decision of the trial court on the merits.

*The Court Erred in Denying Relief*

The question of whether Priddy, having been convicted of facilitation to commit sexually based offenses, is subject to the conditional discharge described in KRS 532.043 is a question of law. This Court reviews questions of law *de novo*. "Because statutory interpretation involves questions of law, 'our review is *de novo*; and the conclusions reached by the lower courts are entitled to no deference.'" *Adams v. Commonwealth*, 599 S.W.3d 752, 754 (Ky. 2019) (citing *Commonwealth v. Love*, 334 S.W.3d 92, 93 (Ky. 2011)).

The court agreed with Priddy that the motion was properly filed pursuant to CR 60.02 (e) and (f). However, the trial court found that despite Priddy's having pleaded guilty to facilitation of the offenses, "facilitation offenses do not fall under the literal plain language of any statute listed under KRS 532.043(1)." It therefore concluded the statute should be disregarded and Priddy should be considered a sex offender and subjected to conditional discharge.

The statute concerned here is very clear.

(1) In addition to the penalties authorized by law, any person convicted of, pleading guilty to, or entering an Alford plea to a felony offense under KRS Chapter 510, 529.100 involving commercial sexual activity, 530.020, 530.064(1)(a), 531.310, or 531.320 shall be subject to a period of postincarceration supervision following release from:

(a) Incarceration upon expiration of sentence; or

(b) Completion of parole.

(2) The period of postincarceration supervision shall be five (5) years.

KRS 532.043(1)-(2). The General Assembly had every available opportunity to include the inchoate offense of "facilitation" within the above statute, but it chose not to do so.

Facilitation is simply not "a felony offense under Chapter 510" or any of the other sections listed in KRS 532.043. Rather, criminal facilitation is itself a separate criminal offense defined in KRS 506.080(1)-(2):

(1) A person is guilty of criminal facilitation when, acting with knowledge that another person is committing or intends to commit a crime, he engages in conduct which knowingly provides such person with means or opportunity for the commission of the crime and which in fact aids such person to commit the crime.

(2) Criminal facilitation is a:

> (a) Class D felony when the crime facilitated is a Class A or Class B felony or capital offense;

> (b) Class A misdemeanor when the crime facilitated is a Class C or Class D felony;

> (c) Class B misdemeanor when the crime facilitated is a misdemeanor.

A person who is convicted of criminal facilitation, no matter what the underlying offense, is convicted of facilitating the offense of another. Priddy neither pleaded to nor was convicted of any sexually based offense enumerated in KRS 532.043(1). It must be remembered that Priddy was offered the opportunity to plead guilty to facilitation of both first-degree rape and first-degree sodomy by the Commonwealth. The prosecution, if it intended Priddy be subject to KRS 532.043, had every opportunity to fashion its plea offer so that the statute would apply, or opt to try Priddy if he refused such offer. The Commonwealth must be held to the benefit of the bargain which it struck, just as any accused would be.

Facilitation is distinguished from complicity. The *mens rea* of a facilitator is less culpable than the party who commits the crime. A facilitator is

aware, or has knowledge, of the intent of the principal to commit the crime, and assists the commission of the offense by the principal, but has no intention that the crime be committed. A complicitor, on the other hand, shares the intent to commit the crime with his accomplice.

> The principal distinctions between the two offenses are that a) facilitation requires *knowledge* that another intends to commit a crime, while complicity requires an *intention* to promote or facilitate commission of the offense; and b) facilitation requires provision of means or opportunity for commission of the crime, while complicity requires either solicitation, conspiracy, assistance, counsel, etc.

*Skinner v. Commonwealth*, 864 S.W.2d 290, 298 (Ky. 1993).

Thus, the complicit accused shares the *mens rea* required of the offense, *e.g.*, intent, and is therefore guilty of committing the offense as is his co-complicitor. There is no offense of "criminal complicity" like there is "criminal facilitation"; the person convicted of complicity is convicted of the underlying crime and is subject to all the consequences thereof. Thus, a person convicted of complicity to commit first-degree rape would be subject to KRS 532.043 because that person would have been found to have the requisite intent and guilty conduct, and because the offense was not "criminal complicity" but was complicity to commit first-degree rape.

It was error to deny Priddy the relief requested in his motion. He is clearly not subject to the conditional discharge described in KRS 532.043. The trial court erred in denying the post-conviction relief sought.

## CONCLUSION

For the foregoing reasons, we reverse the order of the trial court denying the motion and remand the matter for entry of an order consistent with this Opinion.

MCNEILL, JUDGE, CONCURS.

TAYLOR, JUDGE, DISSENTS AND DOES NOT FILE SEPARATE OPINION.

BRIEFS FOR APPELLANT:

F. Todd Lewis
Louisville, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Perry T. Ryan
Assistant Attorney General
Frankfort, Kentucky