RENDERED:  JANUARY 7, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1619-MR

PHARO WILSON                                                      APPELLANT

APPEAL FROM KENTON CIRCUIT COURT
v.           HONORABLE PATRICIA M. SUMME, JUDGE
ACTION NO. 12-CR-00765

COMMONWEALTH OF KENTUCKY                                APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, DIXON, AND MAZE, JUDGES.

DIXON, JUDGE:  Pharo Wilson, *pro se*, appeals the order of the Kenton Circuit

Court denying his motion for relief pursuant to CR[1] 60.02, entered on November

25, 2020.  Following a careful review of the briefs, record, and law, we affirm.

---

[1]  Kentucky Rules of Civil Procedure.

## FACTS AND PROCEDURAL BACKGROUND

In 2014, Wilson was convicted of three counts of criminal attempt to commit murder, being a persistent felony offender in the second degree, and possession of a handgun by a convicted felon. The underlying facts concerning his convictions were summarized in his direct appeal in *Wilson v. Commonwealth*, No. 2014-SC-000392-MR, 2015 WL 5655524 (Ky. Sep. 24, 2015), and his appeal concerning denial of his RCr[2] 11.42 motion alleging he received ineffective assistance of counsel in *Wilson v. Commonwealth*, No. 2017-CA-001452-MR, 2019 WL 168687, at *1 (Ky. App. Jan. 11, 2019). Rather than recount all the salacious details herein, we choose to adopt those statements of facts and include only a brief recitation of the facts pertinent to this appeal.

On January 11, 2019, Wilson moved the trial court to correct his sentence pursuant to CR 60.02. On June 6, 2019, the trial court denied his motion. Wilson belatedly appealed from that order.

On September 2, 2020, Wilson again moved the trial court for relief pursuant to CR 60.02. After the matter was fully briefed, the trial court denied his motion, and this appeal followed.

---

[2] Kentucky Rules of Criminal Procedure.

## ANALYSIS

Wilson's attempt to obtain relief in this fashion is not allowed by the rules governing post-conviction relief. In *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983), the Court stated "[t]he structure provided in Kentucky for attacking the final judgment of a trial court in a criminal case is not haphazard and overlapping, but is organized and complete. That structure is set out in the rules related to direct appeals, in RCr 11.42, and thereafter in CR 60.02." As Wilson has utilized post-conviction attacks by direct appeal, via RCr 11.42 and CR 60.02, his attempt to obtain relief by filing a successive CR 60.02 motion is improper. Wilson is not entitled to relief because the grounds asserted in his motion are grounds that were, or could have been, raised in his direct appeal, through his RCr 11.42, motion or his prior CR 60.02 motion. Thus, he is precluded from raising them in this manner. *See Gross*, 648 S.W.2d at 856.[3]

## CONCLUSION

Therefore, and for the foregoing reasons, the order entered by the Kenton Circuit Court is AFFIRMED.

ALL CONCUR.

---

[3] Wilson's brief only challenges the language of the trial court's final judgment, entered on July 2, 2014. Any discussion by Wilson concerning the Kentucky Department of Corrections in his brief was purely informational and to provide context for the basis of his current appeal.

BRIEF FOR APPELLANT:

Pharo Wilson, *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Matthew R. Krygiel
Assistant Attorney General
Frankfort, Kentucky