RENDERED: JANUARY 26, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0477-MR

ANTHONY B. WHELAN                                         APPELLANT

APPEAL FROM HART CIRCUIT COURT
v.        HONORABLE CHARLES C. SIMMS, III, JUDGE
ACTION NO. 13-CR-00091

COMMONWEALTH OF KENTUCKY                                  APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; GOODWINE AND McNEILL, JUDGES.

THOMPSON, CHIEF JUDGE: Anthony Whelan ("Appellant") appeals from an order of the Hart Circuit Court denying his Kentucky Rules of Civil Procedure ("CR") 60.02 motion for relief from judgment. Appellant argues that the circuit court violated various constitutional safeguards when it failed to evaluate his competency at the sentencing hearing, and when his trial counsel abandoned him at a critical stage of the proceedings. He requests an opinion reversing the order on

appeal. After careful review, we find no error and affirm the order of the Hart Circuit Court.

## FACTS AND PROCEDURAL HISTORY

On July 12, 2013, a Hart County grand jury indicted Appellant on multiple counts of sex crimes involving three of his stepchildren under the age of 12. A competency hearing and pretrial hearing was conducted on September 27, 2013, at which time the court heard the testimony of Steven Sparks, Ph.D., and entered his report into evidence. Dr. Sparks' report stated that Appellant said he had engaged in sex acts with children on many occasions; that he never did anything the children did not want; and, that he never did anything to hurt the children.

The circuit court determined that Appellant was competent to stand trial. The parties agreed that no plea agreement could be reached because Appellant was not willing to implicate his wife in the crimes. Appellant, through counsel, then stated that Appellant wished to enter a guilty plea on all charges, with the court determining the sentence.

On September 27, 2013, Appellant entered a plea of guilty in Hart Circuit Court on five counts of rape in the first degree; 19 counts of sodomy in the first degree; and 11 counts of sexual abuse in the first degree.[1] The court engaged

---

[1] Kentucky Revised Statutes ("KRS") 510.040; KRS 510.070; and KRS 510.110.

in a guilty plea colloquy with Appellant, with Appellant stating that he was completely satisfied with defense counsel's performance. During the colloquy, Appellant asserted that the *Webster's Dictionary* definition of rape differed from that of the Kentucky statutes, and argued that he never raped a child because there was no penetration. Appellant's counsel then advised him that the slightest penetration was sufficient to support the guilty plea, and that Appellant had already admitted placing his penis near his stepdaughter's vagina and that he pushed his penis against it. After conferring with counsel, Appellant decided to continue with the guilty plea on all charges.

Thereafter, Appellant submitted to a Comprehensive Sex Offender Pre-Sentence Evaluation. The examiner reported to the court that Appellant admitted to sexually abusing his stepchildren; that he sexually abused his biological daughter when she was 10 years old; that Appellant recognizes that he is a sexual offender and a pedophile; and Appellant's belief that he committed the charged offenses and should never be a free person again. The report noted that Appellant admitted to sexually abusing three other girls and a mentally disabled male. The examiner opined that Appellant was a high risk for committing future sex offenses and that he posed a significant threat to public safety. On December 3, 2013, the circuit court sentenced Appellant to life in prison.

On August 2, 2018, Appellant filed his first CR 60.02(f) motion seeking to reduce his sentence to 20 years in prison. In support of the motion, Appellant asked for the reduction so he could obtain psychological help and enter a sex offender treatment program. The court denied the motion on November 20, 2018.

On December 29, 2022, Appellant filed a second CR 60.02 motion arguing that the circuit court erred in failing to investigate his guilt or innocence. He also maintained that his defense counsel was ineffective during the guilty plea phase of the proceedings. After considering the motion, the circuit court determined that CR 60.02 was only available for claims which were not known nor could have been known with the exercise of reasonable diligence at the time of judgment and sentence. The court concluded that the circuit court's alleged failure to investigate, and counsel's purported malfeasance, if any, were known or should have been known at the time of judgment. Further, the court determined that the motion was not brought within a reasonable time per CR 60.02, as nine years had lapsed since the judgment and sentence.

In addition, the court found that Appellant had failed to avail himself of direct appeal or a Kentucky Rules of Criminal Procedure ("RCr") 11.42 motion before seeking relief via CR 60.02. It also found that CR 60.02 relief is only

available to correct a substantial miscarriage of justice, which the instant facts did not support.

Based on the foregoing, the Hart Circuit Court denied Appellant's second CR 60.02 motion on March 21, 2023. This appeal followed.

## STANDARD OF REVIEW

"Our standard of review of a trial court's denial of a CR 60.02 motion is whether the trial court abused its discretion. The test for abuse of discretion is whether the trial court's decision was 'arbitrary, unreasonable, unfair, or unsupported by sound legal principles.'" *Age v. Age*, 340 S.W.3d 88, 94 (Ky. App. 2011) (citations omitted).

## ARGUMENTS AND ANALYSIS

Appellant argues that the Hart Circuit Court committed reversible error by failing to evaluate his competency at the sentencing hearing. He asserts that at the time of sentencing, the circuit court had reasonable grounds to question his competency, because he was confused and lacked the ability to make reasonable decisions. Appellant contends that though the circuit court did determine that he was competent on September 27, 2013, the record raises questions as to whether that assessment was correct. Appellant argues that he was even less competent some 7 weeks later at the time of sentencing. Further, Appellant points out that he did not graduate from high school; does not have a

general educational diploma ("GED"); was not equipped to understand complex legal issues at the time of his plea and sentencing; and that these factors support his claim for CR 60.02 relief.

Appellant goes on to argue that the circuit court improperly failed to investigate Appellant's guilt or innocence; that he was deprived of due process during the guilty plea and sentencing phase; and that the lack of due process effectively coerced him into making a guilty plea. Lastly, Appellant contends that his defense counsel effectively abandoned him at the critical plea and sentence phase of the proceedings, in that counsel's sole objective was to convince Appellant to enter a guilty plea. Appellant maintains that these factors, considered individually or in their totality, support his argument for CR 60.02 relief from judgment. He argues that the Hart Circuit Court erred in failing to so rule.

Having closely examined the record and the law, we conclude that there are several reasons why the order of the Hart Circuit Court should be affirmed. First, CR 60.02 provides that "[t]he motion shall be made within a reasonable time[.]"[2] Appellant's second CR 60.02 motion was made some 9 years after the judgment. This delay is not reasonable per CR 60.02, especially as each of the arguments made by Appellant were known or should have been known to

_____

[2] Appellant's motion was made pursuant to CR 60.02(e) and (f), which is subject to the "reasonable time" requirement. A motion made via CR 60.02(a), (b), or (c) must be filed within one year of the judgment.

him at the time of judgment.  Appellant's motion was also successive and repetitive.  "CR 60.02 does not permit successive post-judgment motions[.]" *Foley v. Commonwealth*, 425 S.W.3d 880, 884 (Ky. 2014).  The nine year delay in Appellant's motion, and its successive nature, form a sufficient basis for affirming the order on appeal.

Further, in *Gross v. Commonwealth*, 648 S.W.2d 853 (Ky. 1983), the Kentucky Supreme Court set out the procedure for a post-conviction collateral attack on a judgment.  It stated,

> [w]e hold that the proper procedure for a defendant aggrieved by a judgment in a criminal case is to directly appeal that judgment, stating every ground of error which it is reasonable to expect that he or his counsel is aware of when the appeal is taken.
>
> Next, we hold that a defendant is required to avail himself of RCr 11.42 while in custody under sentence or on probation, parole or conditional discharge, as to any ground of which he is aware, or should be aware, during the period when this remedy is available to him.  Final disposition of that motion, or waiver of the opportunity to make it, shall conclude all issues that reasonably could have been presented in that proceeding.  The language of RCr 11.42 forecloses the defendant from raising any questions under CR 60.02 which are "issues that could reasonably have been presented" by RCr 11.42 proceedings.

*Id.* at 857. "CR 60.02 . . . may be utilized only in extraordinary situations when relief is not available on direct appeal or under RCr 11.42." *Foley*, 425 S.W.3d at 884 (citation omitted).

Having entered a plea of guilty, Appellant waived his right to a direct appeal. Additionally, he did not pursue RCr 11.42 relief. "Moreover, the law favors the finality of judgments. Therefore, relief may be granted under CR 60.02 only with extreme caution and only under the most unusual and compelling circumstances." *Age*, 340 S.W.3d at 94 (citation omitted). With the benefit of counsel, Appellant admitted in open court to raping and sodomizing his minor stepchildren. After engaging in a full colloquy, he entered a guilty plea on all charges. *Arguendo*, even if he had prosecuted a direct appeal, followed by an RCr 11.42 motion before seeking CR 60.02 relief, Appellant has not demonstrated unusual and compelling circumstances per *Age* entitling him to such relief.

## CONCLUSION

Appellant's CR 60.02 motion was untimely and successive. In addition, it did not comply with the procedural scheme and the arguments raised were not so unusual and compelling as to justify relief from judgment. For these reasons, we affirm the order of the Hart Circuit Court.

ALL CONCUR.

-8-

BRIEFS FOR APPELLANT:

Anthony B. Whelan, *pro se*
Wheelwright, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Ken W. Riggs
Assistant Attorney General
Frankfort, Kentucky