RENDERED: OCTOBER 24, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0159-MR

JANIEL M. JENKINS                                               APPELLANT

APPEAL FROM MASON CIRCUIT COURT
v.     HONORABLE JEFFREY L. SCHUMACHER, JUDGE
ACTION NO. 22-CR-00093

COMMONWEALTH OF KENTUCKY                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, LAMBERT, AND MOYNAHAN, JUDGES.

CALDWELL, JUDGE: Janiel M. Jenkins appeals from the denial of her Motion

for Sentence Modification pursuant to CR[1] 60.02(f). We affirm.

## FACTS

In late March 2022, Janiel M. Jenkins ("Jenkins") drove a car over the

centerline of a highway and struck another car head-on. The other driver died from

---

[1] Kentucky Rules of Civil Procedure.

injuries sustained in the collision. Jenkins told police she had intentionally struck the other vehicle in an attempt to commit suicide.

Several weeks later, Jenkins was indicted for wanton murder. (The indictment alleged she had operated a vehicle under circumstances manifesting extreme indifference to the value of human life when she wantonly engaged in conduct creating a grave risk of death to another person and thereby caused the death of the victim.)

The trial court appointed a public defender to represent Jenkins. Jenkins entered a plea of not guilty at arraignment. In September 2022, the trial court ordered that the Kentucky Correctional Psychiatric Center ("KCPC") evaluate Jenkins to determine if she was competent to stand trial.

In early 2023, the trial court entered an agreed order referring the parties to mediation before a retired judge, which was scheduled to take place in April 2023. Several days after entering this agreed order, the trial court conducted a competency hearing and found Jenkins competent to stand trial.

In late April 2023, Jenkins accepted the Commonwealth's offer to plead guilty on an amended charge of first-degree manslaughter with the Commonwealth's recommending a sentence of fifteen years' imprisonment. Jenkins filed a motion to enter a guilty plea. The trial court entered an order finding that Jenkins' plea was made knowingly, intelligently, and voluntarily with

understanding of the nature of the charges. However, it postponed entry of judgment pending a pre-sentence investigation and set the matter for a hearing a few weeks later.

In late May 2023, following a hearing, the trial court entered judgment and sentence on Jenkins' guilty plea. Jenkins was convicted of first-degree manslaughter and sentenced to fifteen years' imprisonment. Jenkins did not file a direct appeal of the judgment of conviction and sentence.

About five months after entry of the judgment, Jenkins filed a Motion for Sentence Modification pursuant to CR 60.02(f). She alleged that she had been suffering from mental health problems at the time of the collision resulting in the criminal case and asserted she lacked the intent to harm someone else required for first-degree manslaughter. She also alleged that she received ineffective assistance of counsel because her attorney did not fully investigate such matters as Jenkins' mental health, medications, road conditions, or other possible criminal charges.

Jenkins asked for the trial court to review her sentence under CR 60.02(f), which she referred to as a "catchall clause" allowing the trial court to exercise its discretion to decide if her circumstances were extraordinary enough to merit relief. She asserted she was working and pursuing educational opportunities and mental health treatment in prison.

She argued her sentence was unduly long and would eventually serve only punitive and not rehabilitative purposes. She suggested a more appropriate conviction and sentence would be ten years for second-degree manslaughter or five years for reckless homicide.

The Commonwealth filed a response to her motion. The Commonwealth asserted CR 60.02 was not intended to provide relief for grounds that could be attacked through direct appeal or upon a motion for collateral relief pursuant to RCr[2] 11.42. The Commonwealth contended the trial court must therefore deny CR 60.02 relief based on binding precedent from our Supreme Court. *See Gross v. Commonwealth*, 648 S.W.2d 853 (Ky. 1983); *McQueen v. Commonwealth*, 948 S.W.2d 415 (Ky. 1997); *Meece v. Commonwealth*, 529 S.W.3d 281 (Ky. 2017).

A few weeks after the Commonwealth filed its response, the trial court entered an order denying Jenkins' motion on December 19, 2023, noting that Jenkins filed the motion pursuant to CR 60.02(f). The court further recognized it had accepted Jenkins' guilty plea as voluntary following a hearing and that it sentenced her in accordance with the recommendation in the plea agreement. The court also noted that Jenkins did not file a direct appeal.

---

[2] Kentucky Rules of Criminal Procedure.

Ultimately, the trial court denied Jenkins' motion based on Kentucky precedent holding that CR 60.02 is not an avenue for relief that is available by direct appeal or through RCr 11.42. Jenkins appealed.

## ANALYSIS

A trial court's denial of a CR 60.02 motion is reviewed for abuse of discretion. *See*, *e.g.*, *Foley v. Commonwealth*, 425 S.W.3d 880, 884 (Ky. 2014). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

### We Decline to Address Issues Which Were Not Raised to or Resolved by the Trial Court

Jenkins argues on appeal that her counsel in the trial court proceedings rendered ineffective assistance in at least two ways: 1) by failing to present mitigation evidence, and 2) by failing to request funds for a mitigation specialist. She also generally asserts that the cumulative effect of these two alleged errors resulted in deprivation of her constitutional rights.

The Commonwealth disagrees, arguing the trial court properly denied the CR 60.02 motion. The Commonwealth points out that Jenkins filed her motion as a CR 60.02 motion, but asserts that RCr 11.42 governs claims of ineffective assistance of counsel. *See Furnish v. Commonwealth*, 95 S.W.3d 34, 52 (Ky. 2002) ("This court has held as a general rule that claims of ineffective assistance are not

properly raised on direct appeal, but rather **must** proceed by way of a post-trial motion under RCr 11.42 to allow the trial court the opportunity to review the issues.") (Emphasis added).

The Commonwealth emphasizes that Jenkins' *pro se* appellant brief is not fully compliant with our RAP[3]—for example, failing to provide references to specific portions of the record. *See* RAP 32(A)(3)-(4). The Commonwealth also argues that some or all of Jenkins' arguments were not properly preserved for review. Even *pro se* appellants are not totally excused from complying with the RAP. *See*, *e.g.*, *Hamilton v. Milbry*, 676 S.W.3d 42, 44 (Ky. App. 2023) (finding *pro se* appellant from domestic violence order not excused from compliance with Kentucky Rules of Appellate Procedure).

Nonetheless, Jenkins' brief does state that she preserved issues in her post-conviction motion, which the trial court denied on December 19, 2023. This statement obviously refers to her motion to modify her sentence pursuant to CR 60.02, which we were able to easily locate in the relatively slim written record on appeal.

Having located and reviewed this specific written motion, we agree with the Commonwealth that Jenkins did not specifically raise therein any issue

---

[3] Kentucky Rules of Appellate Procedure.

about her trial counsel's alleged failure to request funds for a mitigation specialist. Nor did she specifically argue cumulative error.

However, we disagree with any contention that Jenkins failed to raise any issue about ineffective assistance of counsel to the trial court. Jenkins' CR 60.02 motion explicitly alleged ineffective assistance of counsel, including specifically alleging her counsel failed to properly investigate the case by inquiring into mental health and medication concerns and the possibility of different criminal charges.

In sum, Jenkins raised to the trial court the general issue of ineffective assistance of counsel, though her appellate arguments may not be completely identical to the arguments she made to the trial court. *See Gasaway v. Commonwealth*, 671 S.W.3d 298, 313-14 (Ky. 2023) (holding one does not have to make identical supporting arguments to the trial court to preserve an allegation of error or issue for appeal, but an allegation of error or issue may be forfeited if not raised to the trial court).

However, the trial court did not reach the merits of Jenkins' allegations of ineffective assistance of counsel. In other words, the trial court did not determine whether or not trial counsel rendered ineffective assistance. Instead, consistent with the precedent cited in the Commonwealth's filed response, the trial court summarily denied the CR 60.02 motion because the issues should have been

raised instead by direct appeal or by an RCr 11.42 motion instead of Jenkins' first filing a CR 60.02 motion.

Although the Commonwealth's appellee brief argues that Jenkins' trial counsel was not ineffective, we need not reach the merits of whether or not trial counsel rendered effective assistance—especially since the trial court did not reach the merits of this issue. *See Klein v. Flanery*, 439 S.W.3d 107, 122 (Ky. 2014) ("As an appellate court, we review judgments; we do not make them."). Instead, we simply review whether the trial court abused its discretion in denying the CR 60.02 motion on the basis that CR 60.02 did not provide an avenue for relief for the issues raised by Jenkins because these issues could or should have been raised by direct appeal or an RCr 11.42 motion instead. And having reviewed pertinent Kentucky Supreme Court precedent such as *Meece*, the trial court's ruling is entirely consistent with such binding precedent.

Because the trial court resolved the CR 60.02 motion in this manner in accordance with binding precedent from our Supreme Court which we are bound to follow, *see* SCR[4] 1.030(8)(a), we discern no abuse of discretion in its denial of the CR 60.02 motion.

---

[4] Rules of the Kentucky Supreme Court.

**Trial Court Did Not Abuse its Discretion as It Resolved CR 60.02 Motion in Accordance with Binding Precedent from our Supreme Court**

As our Supreme Court stated in *Meece*, 529 S.W.3d at 285-86:

> CR 60.02 is *not* intended to provide relief for grounds that could be attacked through direct appeals or collateral motions such as grounds under RCr 11.42. "[CR 60.02] is for relief that is not available by direct appeal and not available under RCr 11.42." *Gross*, 648 S.W.2d at 856. This Court has required that "a defendant aggrieved by a judgment in a criminal case" must first "directly appeal that judgment, stating every ground of error which it is reasonable to expect that he or his counsel is aware of when the appeal is taken." *Id*. at 857. Then, the "defendant is required to avail himself of RCr 11.42 . . . as to any ground of which he is aware, or should be aware . . . ". *Id*. Only after these avenues are exhausted can a defendant claim grounds for CR 60.02 relief. And the defendant cannot raise the same grounds as those for which he claimed, or should have claimed, relief on direct appeal or pursuant to RCr 11.42. *See id*. "In summary, CR 60.02 is not a separate avenue of appeal to be pursued in addition to other remedies, but is available only to raise issues which cannot be raised in other proceedings." *McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997).

Jenkins did not file a direct appeal from the judgment of conviction and sentence on her guilty plea. (In fact, she had acknowledged in her motion to enter her guilty plea that she had a Constitutional right to appeal but she was waiving this right in pleading guilty.)

Also, Jenkins did not file any RCr 11.42 motion prior to filing her CR 60.02 motion. (To the best of our knowledge, Jenkins has not filed an RCr 11.42

motion as of the date of this Opinion.) Nor did the trial court construe Jenkins' motion to modify her sentence pursuant to CR 60.02 as being, effectively, an RCr 11.42 motion. Instead, it simply denied her CR 60.02 motion because CR 60.02 does not provide relief which is available by RCr 11.42 or by direct appeal.

Certainly, not everyone may wholeheartedly endorse the principle that whether a *pro se* prisoner's post-conviction claims can be heard depends on whether he or she referred to RCr 11.42 rather than CR 60.02. Nonetheless, our Supreme Court has made clear that one may not seek or obtain relief pursuant to CR 60.02 prior to exhausting the avenues of relief available by direct appeal and RCr 11.42. *See Meece*, 529 S.W.3d at 285-86. And we lack the authority to overrule such binding precedent from our Supreme Court. SCR 1.030(8)(a).

Thus, we discern no error in the trial court's denial of Jenkins' CR 60.02 motion consistent with *Meece*, 529 S.W.3d at 285-86; *Gross*, 648 S.W.2d at 856; and *McQueen*, 948 S.W.2d at 416. Moreover, as we discern no single error in the trial court's denial of Jenkins' CR 60.02 motion, Jenkins is obviously not entitled to relief on this appeal based on the cumulative effect of multiple errors. *See generally Brown v. Commonwealth*, 313 S.W.3d 577, 631 (Ky. 2010).

In sum, the trial court's denial of Jenkins' CR 60.02 motion was consistent with binding precedent and thus not an abuse of discretion. As stated by our Supreme Court:

> A defendant who is in custody under sentence or on probation, parole or conditional discharge, is required to avail himself of RCr 11.42 as to any ground of which he is aware, or should be aware, during the period when the remedy is available to him [or her].

*McQueen*, 948 S.W.2d at 416.

Based on her CR 60.02 motion, Jenkins was obviously aware of factors which led her to believe her trial counsel was ineffective less than a year after the judgment was entered in late May 2023. So, RCr 11.42 was available to her at that time. *See* RCr 11.42(10) (providing that an RCr 11.42 motion shall be filed within three years after the judgment becomes final, subject to specified exceptions). We express no opinion on the likelihood that Jenkins could prevail on a timely filed RCr 11.42 motion premised on ineffective assistance of counsel or other grounds should she choose to pursue this type of relief.

Further arguments made by the parties that are not addressed herein have been determined to lack merit or relevancy to our resolving this appeal.

## CONCLUSION

For the foregoing reasons, we **AFFIRM**.

ALL CONCUR.

BRIEF FOR APPELLANT:

Janiel M. Jenkins, *pro se*
PeWee Valley, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Joseph A. Beckett
Assistant Attorney General
Frankfort, Kentucky