RENDERED:  OCTOBER 31, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0682-MR

MICHAEL MILLS $\qquad$ APPELLANT

|  | APPEAL FROM KNOX CIRCUIT COURT |
| :--- | :--- |
| v. | HONORABLE GREGORY A. LAY, JUDGE |
|  | ACTION NO. 14-CR-00083 |

COMMONWEALTH OF KENTUCKY $\qquad$ APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, CETRULO, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  Michael Mills, *pro se*, appeals from a May 16, 2024, order of the Knox Circuit Court which denied his successive petition for relief from judgment pursuant to Kentucky Rules of Civil Procedure (CR) 60.02(e) and (f). We affirm.

## BACKGROUND

Mills was convicted by a jury in the Knox Circuit Court on August 5, 2015, for one count of rape in the first degree and one count of sodomy in the first

degree. The jury recommended a sentence of life in prison on each count to run consecutively. On September 29, 2015, the trial court entered a judgment sentencing Mills to life in prison on the rape charge and life in prison on the sodomy charge, with the sentences to run concurrently. Mills exercised his right of direct appeal to the Kentucky Supreme Court, which affirmed his conviction in an unpublished opinion rendered on March 23, 2017.[1]

Subsequently, Mills filed a motion in the circuit court pursuant to CR 60.02(e) and (f), alleging that his conviction violated the prohibition against double jeopardy. CR 60.02 provides that a court may relieve a movant from a judgment under (e) if the judgment is void or it is no longer equitable that the judgment should have prospective application, or under (f) for any other reason of an extraordinary nature justifying relief. The Knox Circuit Court entered an order denying the CR 60.02 motion on August 2, 2021. The court held that the double jeopardy allegation should have been raised on direct appeal, and the underlying claim had no merit as the record showed that Mills committed two separate and distinct criminal sexual acts upon a child, one of which resulted in a conviction of rape in the first degree and the other a conviction for sodomy in the first degree. Record at 28-29. The August 2, 2021, order was not appealed.

---

[1] *Mills v. Commonwealth*, No. 2015-SC-000644-MR, 2017 WL 5494101 (Ky. Mar. 23, 2017) (not to be published).

On February 23, 2024, Mills filed a Motion for Addendum Argument; Under CR 60.02(e) and (f), again seeking relief from the judgment. In this motion, he questioned whether he was wrongfully sentenced, and alleged his conviction presented a "due process" violation because his trial counsel did not ask him to take a plea offer instead of going to trial. On February 26, 2024, a Motion For Amended Sentence Under CR 60.02(e) and (f) was filed by Mills, seeking a modification of sentence pursuant to Kentucky Revised Statutes 532.070 due to mental illness. In this filing, Mills alleged that in committing the offenses, he was acting under extreme emotional disturbance or that he was mentally ill which was not taken into consideration by the trial court.

In the May 16, 2024, order, the court noted that it appeared that Mills was making an argument that his trial counsel was ineffective. The court further noted that the record did not show that Mills had ever filed a Kentucky Rules of Criminal Procedure (RCr) 11.42 motion for relief from judgment. The court found that Mills' present motions were therefore procedurally defective and could be overruled on that ground alone, citing *Gross v Commonwealth*, 648 S.W.2d 853 (Ky. 1983). However, the trial court elected to address Mills' allegations.

As for Mills' claim regarding his lack of mental competency, the court noted that prior to trial, the court held a hearing and found Mills competent. The court further found that issues regarding Mills' competence to stand trial were

affirmed by the Kentucky Supreme Court on direct appeal, and Mills' motion presented no affirmative evidence on that issue. Next, the trial court found that Mills' attempt to allege that the issue of extreme emotional disturbance could have applied in a case involving the rape of a child was "absurd" and did not merit discussion. The court overruled the motion and Mills filed this appeal.

## STANDARD OF REVIEW

Our review of a trial court's denial of a CR 60.02 motion looks to an abuse of discretion. *Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014). The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles. *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). And, this Court will not consider successive post-conviction motions upon the same grounds of relief or upon grounds that could have been asserted in previous motions. *Foley*, 425 S.W.3d at 884.

## ANALYSIS

"The structure provided in Kentucky for attacking the final judgment of a trial court in a criminal case is not haphazard and overlapping, but is organized and complete. That structure is set out in the rules related to direct appeals, in RCr 11.42, and *thereafter* in CR 60.02." *Gross*, 648 S.W.2d at 856. A defendant is precluded from raising claims which were, or reasonably could have been,

presented in prior proceedings. *Id*. at 857. CR 60.02 is not a separate avenue of appeal in addition to other remedies, but is available only to raise issues which could not be raised in other proceedings. *McQueen v Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997). The movant must demonstrate why he is entitled to special, extraordinary relief. *Gross*, 648 S.W.2d at 856. CR 60.02 further provides, as a threshold to relief, that a motion seeking relief under CR 60.02(e) and (f) shall be made within a reasonable time.

Based on our review of the record, we need not address the merits of Mills' arguments because the claims are not properly before this Court. Mills previously litigated his claims as to his mental competency in the direct appeal of his conviction. Accordingly, the present argument is barred as successive for having been previously raised and addressed.[2] As for his new assertions that he had defenses based on his mental state or that he should have been advised to enter into a plea bargain, these claims are also barred because they could have been raised on direct appeal or in his 2021 motion pursuant to CR 60.02(e) and (f). The same is true for his arguments regarding his sentencing, although it clearly complied with the law.

---

[2] Michael Mills did not raise his mental competency issue in appellant's brief, but rather argued it in his reply brief.

Even if this Court treated Mills' motion as one under RCr 11.42, regarding the ineffectiveness of his counsel, it's clear that Mills is still not entitled to relief. A motion filed under RCr 11.42 ordinarily must be filed within three years after final judgment. RCr 11.42(10). The present motion was filed over eight years after the judgment and sentence were entered below. Furthermore, as stated, the established structure for postconviction relief provides that a motion under RCr 11.42 must precede a motion under CR 60.02. *Gross*, 648 S.W.2d at 856-57. Finally, as the Commonwealth correctly points out, a defendant does not have a constitutional right to a plea bargain, and whether or not to engage in plea bargaining is within the sole discretion of the prosecutor. *Commonwealth v. Reyes*, 764 S.W.2d 62, 64 (Ky. 1989).[3]

For the foregoing reasons, we affirm the Knox Circuit Court's order denying Mills' CR 60.02(e) and (f) motions.

ALL CONCUR.

---

[3] The overarching theme of Mills' appeal is that he admitted his guilt to the police, and thus due process required that he be given a plea bargain, rather than go to trial. However, a defendant does not have a constitutional right to a plea bargain. *Commonwealth v. Reyes*, 764 S.W.2d 62, 64 (Ky. 1989).

BRIEFS FOR APPELLANT:

Michael Mills, *Pro Se*
Burgin, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Christopher Henry
Assistant Solicitor General
Office of the Attorney General
Frankfort, Kentucky